[829 NE2d 1188, 797 NYS2d 20]

LEWIS KOVIT et al., Respondents, v ESTATE OF KATHERINE HAL-LUMS, Deceased, Respondent, and CITY OF NEW YORK, Appellant, et al., Defendant.

Argued and submitted March 29, 2005; decided May 3, 2005

NORMAN LAZAN et al., Respondents, v COUNTY OF SUFFOLK, Appellant.

Argued March 29, 2005; decided May 3, 2005

500

## POINTS OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Pamela Seider Dolgow* and *Stephen J. McGrath* of counsel), for appellant in the first above-entitled action. I. The City of New York cannot be liable for the discretionary acts of its police officers undertaken at an accident scene, under this Court's controlling precedents, including *Tango v Tulevech* (61 NY2d 34 [1983]), *Kenavan v City of New York* (70 NY2d 558 [1987]), and *Lauer v City of New York* (95 NY2d 95 [2000]). As a matter of law, the judgment against the City must be reversed and the complaint dismissed. (*Rottkamp v Young,* 21 AD2d 373, 15 NY2d 831; *Mon v City of New York,* 78 NY2d 309; *Pelaez v Seide,* 2 NY3d 186; *Desmond v City of New York,* 88 NY2d 455; *Cooper v City of New York,* 81 NY2d 584; *McCormack v City of New York,* 80 NY2d 808; *Santana v Seagrave Fire Apparatus Corp.,* 305 AD2d 395, 1 NY3d 502; *Shubert v City of New York,* 301 AD2d 365; *Smullen v City of New York,* 214 AD2d 508, 86 NY2d 705.) II. The police officers were engaged in traffic regulation which is quintessentially a governmental function for which there can be no liability absent a special relationship with plaintiff, which did not exist here. The Appellate Division's holding to the contrary is in conflict with precedents of this Court, including *Balsam v Delma Eng'g Corp.* (90 NY2d 966 [1997]). (*Miller v State of New York,* 62 NY2d 506; *Lauer v City of New York,* 95 NY2d 95; *O'Connor v City of New York,* 58 NY2d 184; *Pelaez v Seide,* 2 NY3d 186; *Cuffy v City of New York,* 69 NY2d 255; *Smullen v City of New York,* 28 NY2d 66; *Kircher v City of Jamestown,* 74 NY2d 251; *Gonzalez v County of Suffolk,* 228 AD2d 411; *Pinkney v City of New York,* 50 AD2d 928, 40 NY2d 1004; *Respass v City of New York,* 288 AD2d 286.) III. The sole proximate cause of plaintiff's injuries was the unforeseeable, intervening action of Mrs. Hallums in putting her car into reverse when she intended to move her car forward, or in her car malfunctioning, not any violation of a duty by the City of New York's police officers. (*Boltax v Joy Day Camp,* 67 NY2d 617; *Solomon v City of New York,* 66 NY2d 1026; *Pulka v Edelman,* 40 NY2d 781; *Sheehan v City of New York,* 40 NY2d 496; *Dunn v State of New York,* 29 NY2d 313; *Derdiarian v Felix Contr.*

*Corp.,* 51 NY2d 308; *Ely v Pierce,* 302 AD2d 489, 100 NY2d 505; *Tomassi v Town of Union,* 46 NY2d 91; *Saviano v City of New York,* 5 AD3d 581; *Wang v County of Rockland,* 179 AD2d 977, 80 NY2d 753.) IV. Having arrived only moments earlier at the scene of a fender-bender accident, the police officers, in directing Mrs. Hallums to move her car, which was partially blocking traffic, to a space at the side of the road, were not negligent as a matter of law. The case should have been dismissed for failure to make out a prima facie case. (*Cohen v Hallmark Cards,* 45 NY2d 493.)

*Sullivan Papain Block McGrath & Cannavo, P.C.,* New York City (*Stephen C. Glasser* and *Vito Cannavo* of counsel), for Lewis Kovit and another, respondents in the first above-entitled action. I. In a case largely dependent upon the jury's assessment of conflicting accounts and now subject to the affirmed finding of fact rule, there was ample evidence to support the jury's finding that the police officers were negligent in that (i) as a result of her first accident, Mrs. Hallums was "extremely distraught," "extremely upset"; "stunned, dazed" and "hysterical almost" to the point that she was not in any condition to drive her vehicle; (ii) despite her apparent condition, a police officer ordered her to move her car and, when she did not comply immediately, "insisted" that she do so; (iii) he did so despite the fact that, according to Officer Justiniano, Mr. Kovit was standing only one foot directly behind the Hallums vehicle at the time; and (iv) the unrebutted testimony of plaintiff's police expert established that the police officer's ordering of Mrs. Hallums to move her car in the physical condition that she was in, coupled with the officer's failure to warn plaintiff standing directly behind it to get out of the way and to stop traffic, violated police procedure and constituted actionable negligence. (*Matter of Donner,* 82 NY2d 574; *Friedman v State of New York,* 67 NY2d 271; *Matter of Grinker [Rose],* 77 NY2d 703; *Birnbaum v Birnbaum,* 73 NY2d 461; *Alpert v 28 Williams St. Corp.,* 63 NY2d 557; *Adamy v Ziriakus,* 92 NY2d 396; *Candelier v City of New York,* 129 AD2d 145; *Ferrer v Harris,* 55 NY2d 285; *Toure v Avis Rent A Car Sys.,* 98 NY2d 345; *Negri v Stop & Shop,* 65 NY2d 625.) II. The City of New York's special duty and immunity for discretionary judgment defenses are inapplicable where plaintiffs' claim here is not based upon the police officers' failure to act, their exercise of acceptable choices or the allocation of resources. Since plaintiffs argued that the officers took "positive direction and control" of the situation and negligently set in motion a force which directly caused harm to plaintiff, liability is based

upon *affirmative* misfeasance rather than nonfeasance. Neither *Balsam v Delma Eng'g Corp.* (90 NY2d 966 [1997]) nor *Lauer v City of New York* (95 NY2d 95 [2000]) nor *Pelaez v Seide* (2 NY3d 186 [2004]) is to the contrary. (*Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175; *H.R. Moch Co. v Rensselaer Water Co.,* 247 NY 160; *Parvi v City of Kingston,* 41 NY2d 553; *Ramundo v Town of Guilderland,* 108 AD2d 995; *Persaud v City of New York,* 267 AD2d 220; *Persaud v City of New York,* 307 AD2d 346, 1 NY3d 502; *Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.,* 272 AD2d 818; *Walsh v Town of Cheektowaga,* 237 AD2d 947, 90 NY2d 889; *Ferrer v Riverbay Corp.,* 214 AD2d 312; *Rodriguez v City of New York,* 189 AD2d 166.) III. As for the City of New York's brand new argument that the sole proximate cause of the accident was supposedly the intervening act by Mrs. Hallums, the City has not preserved this argument in this Court. Its proximate cause argument in the Appellate Division was directed only to the jury's allocation of fault vis-à-vis weight of the evidence and sought a new trial, not dismissal. Should the court entertain it, the jury's (and Appellate Division's) finding that the actions of the police officers were, in large part, responsible for this accident is supported by legally sufficient evidence given that Mrs. Hallums never would have moved the car on her own with Mr. Kovit standing directly behind it but for being forced to comply with the repeated "command" of a police officer to do so. (*Cohen v Hallmark Cards,* 45 NY2d 493; *Matter of Gonzalez v State Liq. Auth.,* 30 NY2d 108; *Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342; *Kriz v Schum,* 75 NY2d 25; *Maheshwari v City of New York,* 2 NY3d 288; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Kush v City of Buffalo,* 59 NY2d 26; *Matter of Ortenberg v Commissioner of Motor Vehs.,* 191 AD2d 898.)

*Martyn, Toher, Esposito, Martyn & Adler,* Mineola (*David C. Smith* of counsel), for estate of Katherine Hallums, respondent in the first above-entitled action. The jury's verdict as to defendant-respondent, estate of Katherine Hallums, was not against the weight of the evidence and should not be set aside. (*Cohen v Hallmark Cards,* 45 NY2d 493; *Matter of Poggemeyer,* 87 AD2d 822; *67 Wall St. Co. v Franklin Natl. Bank,* 44 AD2d 825, 37 NY2d 245.)

*Christine Malafi, County Attorney,* Hauppauge (*Christopher A. Jeffreys* of counsel), for appellant in the second above-entitled action. I. Plaintiffs cannot establish a special duty sufficient to give rise to liability against the County of Suffolk. (*Lauer v City*

*of New York,* 95 NY2d 95; *De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053; *Cuffy v City of New York,* 69 NY2d 255; *Kircher v City of Jamestown,* 74 NY2d 251; *Bass v City of New York,* 38 AD2d 407, 32 NY2d 894; *Napolitano v County of Suffolk,* 61 NY2d 863; *Shinder v State of New York,* 62 NY2d 945; *Escribano v Town of Haverstraw,* 303 AD2d 621; *Pinkney v City of New York,* 50 AD2d 928, 40 NY2d 1004; *Balsam v Delma Eng'g Corp.,* 90 NY2d 966.) II. The County of Suffolk did not assume a duty to protect plaintiff. (*Parvi v City of Kingston,* 41 NY2d 553; *Florence v Goldberg,* 44 NY2d 189.) III. The County of Suffolk is entitled to immunity for the actions of its police officer. (*Tango v Tulevech,* 61 NY2d 34; *Harland Enters. v Commander Oil Corp.,* 64 NY2d 708; *Haddock v City of New York,* 75 NY2d 478; *McCormack v City of New York,* 80 NY2d 808; *Lauer v City of New York,* 95 NY2d 95.) IV. Plaintiff's fainting spell was the sole proximate cause of plaintiff's accident. (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Blake v Neighborhood Hous. Servs of N.Y. City,* 1 NY3d 280; *Tishler v Town of Brookhaven,* 205 AD2d 611; *Gomez v City of New York,* 249 AD2d 362; *Tigulla v Porzio,* 255 AD2d 504; *Murray v New York City Hous. Auth.,* 269 AD2d 288; *Green v New York City Hous. Auth.,* 82 AD2d 780, 55 NY2d 966; *Silber v Motorola, Inc.,* 274 AD2d 511, 96 NY2d 704; *Babcock v County of Oswego,* 169 Misc 2d 605, 247 AD2d 843, 92 NY2d 802; *Prysock v Metropolitan Transp. Auth.,* 251 AD2d 308, 92 NY2d 817.)

*Gruenberg & Kelly, PC,* Ronkonkoma (*Peter Lavrenchik* of counsel), for respondent in the second above-entitled action. I. Appellant's conduct directing respondent, Norman Lazan, to move his vehicle, was misfeasance. (*Balsam v Delma Eng'g Corp.,* 90 NY2d 966; *Johnson v New York City Health & Hosps. Corp.,* 246 AD2d 88; *Persaud v City of New York,* 267 AD2d 220.) II. A special relationship existed between Norman Lazan and Officer Robert McNaughton thereby creating a duty towards Norman Lazan. (*Mastroianni v County of Suffolk,* 91 NY2d 198; *Pascucci v Board of Educ. of City of N.Y.,* 305 AD2d 103; *Cuffy v City of New York,* 69 NY2d 255; *De Long v County of Erie,* 60 NY2d 296; *Freidfertig Bldrs. v Spano Plumbing & Heating,* 173 AD2d 454; *Escribano v Town of Haverstraw,* 303 AD2d 621.) III. Aside from the special relationship, appellant assumed a duty under the circumstances. (*Parvi v City of Kingston,* 41 NY2d 553.) IV. Appellant's claim for governmental immunity is misplaced and inapplicable. (*Haddock v City of New York,* 75 NY2d 478; *Galapo v City of New York,* 219 AD2d 581.) V. Appellant's argument that plaintiff-respondent's accident was

solely caused by plaintiff has been waived as not previously raised. (*Wolkstein v Morgenstern,* 275 AD2d 635; *Dunlap v United Health Servs.,* 189 AD2d 1072; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246.) VI. Appellant's argument that there is a legally sufficient intervening or superceding cause is without merit and inapplicable.

## OPINION OF THE COURT

ROSENBLATT, J.

As we explained in *Pelaez v Seide* (2 NY3d 186, 193 [2004]), municipalities generally enjoy immunity from liability for discretionary activities they undertake through their agents, except when plaintiffs establish a "special relationship" with the municipality. The two cases before us present questions of municipal liability for the actions of police officers in traffic situations. We conclude that in both instances the plaintiffs have not established a special relationship, and their claims must therefore be dismissed.

### I. *Kovit v Estate of Hallums*

While driving her car, Katherine Hallums collided with a vehicle carrying security officers from the Kings County Hospital. According to witnesses, the accident left her shaken and so "hysterical" that the security officers tried to calm her down. When New York City police arrived on the scene, an officer told her to move her car forward and out of the middle of the intersection where it had stopped. Although plaintiff was standing directly behind Hallums's car, she moved the vehicle backward instead of forward, crushing plaintiff's legs between her car and the one behind her. In his suit against the City, plaintiff alleged that the police officer acted negligently when he told Hallums to move her car while she was unfit to drive.[1] A jury found the City 100% responsible for plaintiff's injuries, even though it found that Hallums was also negligent. The Appellate Division reversed, concluding that on the facts, it was impossible for Hallums to have been negligent but not in some degree responsible for plaintiff's injuries (*see* 261 AD2d 442 [2d Dept 1999]). Upon retrial, another jury found the City 97% at fault. In a second appeal, the Appellate Division upheld the li-

---

1. Plaintiff also sued Hallums and the other driver. Only the issue of the City's liability is before us.

ability determination (*see* 307 AD2d 336 [2d Dept 2003]).[2] We granted leave and now reverse.

The police officer was exercising his discretion when he told Hallums to move her car. Even if we were to assume Hallums was unfit to drive and that the officer knew or should have known it, municipal liability to plaintiff would not follow. To hold the City liable for the negligent performance of a discretionary act, a plaintiff must establish a special relationship with the municipality.

We made this point in *Kenavan v City of New York* (70 NY2d 558, 569 [1987]). There, the plaintiff was injured because firefighters had parked fire trucks improperly. The Court held that there is municipal immunity from suit when the conduct complained of "involves the exercise of professional judgment," even if the judgment was poor in retrospect (*id.*; *see also Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 967 [1997]). We have municipal immunity because of what we demand from public officials in the performance of their duties. If liability flowed from every negligent action, officials would be trained to shrink from their responsibility so as to avoid possible costs to their municipal employers. We expect better of our government, and therefore protect the discretion of its agents so municipalities will encourage them to carry out their duties in the service of the public.

The exception to the rule, as we noted in *Pelaez* (2 NY3d at 193), is when the plaintiff establishes a special relationship with the municipality.[3] Here, plaintiff fails to do so. Establishing a special relationship based on a municipality's assumption of a duty requires (1) an assumption by a municipality, through promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of a municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's af-

---

**2.** Finding the award excessive, the Appellate Division modified the judgment by ordering a new trial unless plaintiff agreed to a reduction in damages.

**3.** *See also Kircher v City of Jamestown*, 74 NY2d 251, 255 (1989) (describing as "legion" the cases of this Court holding municipalities immune from suit for exercising governmental powers including police protection absent a special relationship, and holding there could be no liability when a police officer learned about a possible crime in progress but took no action).

firmative undertaking (*see Pelaez*, 2 NY3d at 202; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

Plaintiff does not satisfy the third element of this test.[4] The police officer's contact was with Hallums, not plaintiff. Not only was there a lack of a special relationship between plaintiff and the police officer, there was no material communication or relationship at all. As we held in *Lauer v City of New York* (95 NY2d 95, 100 [2000]), "[w]ithout a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm." Factually and legally, plaintiff and the police were strangers. Under those circumstances, the City cannot be held liable.

II. *Lazan v County of Suffolk*

After plaintiff pulled his car over to the shoulder of the Long Island Expressway, a Suffolk County highway patrol officer came up behind him with flashing lights. Plaintiff left his car and walked back to the police cruiser to speak with the officer. In his complaint, plaintiff alleges that he told the officer he had chest pains and was not feeling well. He did not, however, allege that he told the officer he was too ill or dizzy to drive.[5] After explaining that it was not safe to park on the side of the road, the officer told plaintiff to move his car to the nearest service station. Plaintiff drove off, but soon lost control of his car and suffered serious injuries after driving it into a guardrail and a telephone pole. Plaintiff sued Suffolk County, asserting that the police officer—with whom he alleged a special relationship— was to blame for his injuries. Supreme Court denied the County's motion for summary judgment and the Appellate Division affirmed, certifying to us the question whether its order was proper. We answer in the negative.

The second prong of the *Pelaez/Cuffy* test for special relationship liability requires "knowledge on the part of a municipality's agents that inaction could lead to harm" (*Pelaez*, 2 NY3d

---

4. Although the parties dispute the application of the other three elements, we need not consider them because plaintiff's failure to satisfy the third is dispositive.

5. At one point in his deposition, plaintiff explained that he told the police officer that he only parked on the shoulder because he did not feel well. He also said that he had felt dizzy and faint and did not feel like driving, but was unclear as to whether he told those things to the officer. Later in the same deposition, plaintiff stated that he could not remember what he told the officer. Moreover, the record includes a transcript of a police department internal investigation hearing where plaintiff testified that he himself did not realize he was not well enough to drive when he pulled off the shoulder.

at 202). Here, plaintiff never expressly told the police officer he was too sick to drive, and the record shows it was not manifestly clear to the officer that plaintiff was so disabled that he could not drive a short distance to a safer location. Therefore, as a matter of law, neither plaintiff's explanation to the police officer nor his appearance put the officer on notice that instructing plaintiff to remove his car from the shoulder of the expressway could lead to harm. Under these circumstances, we cannot expect the police to make a refined, expert medical diagnosis of a motorist's latent condition. Requiring them to do so would improperly burden police in carrying out their duties.

For there to be special relationship-based liability, a municipality's agent must be clearly on notice of palpable danger, as where it is so obvious that a layman would ascertain it without inquiry, or where a person unambiguously communicated his incapacity to the officer. At that point, the officer would have to weigh the danger of leaving the car in a dangerous situation (at least until help arrived) against the danger posed by having the driver move the car. This calls for discretion and could result in liability only when it is clear that the danger in having the driver move the car outweighs the danger inherent in leaving the car in place for some time. In this case, however, the highway patrol officer was not adequately on notice to satisfy this test.

Accordingly, in *Kovit*, the order of the Appellate Division should be reversed, with costs, and the complaint against the City dismissed. In *Lazan*, the order of the Appellate Division should be reversed, with costs, defendant's motion for summary judgment dismissing the complaint granted and the certified question answered in the negative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

In *Kovit v Estate of Hallums:* Order reversed, etc.

In *Lazan v County of Suffolk:* Order reversed, etc.