■ DEANNA M. RANGER, Respondent, v COUNTY OF SUFFOLK et al., Appellants, and SWEEZY FUEL CO., INC., Respondent. [839 NYS2d 168]—

In an action to recover damages for wrongful death, the defendants County of Suffolk and Suffolk County Department of Social Services appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 7, 2006, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs payable to the plaintiff.

A municipality is entitled to immunity from liability for the discretionary actions performed by its employees except when a "special relationship" exists between the plaintiff and the municipality (*see Pelaez v Seide*, 2 NY3d 186, 193 [2004]; *see also Laratro v City of New York*, 8 NY3d 79, 82-83 [2006]; *Kovit v Estate of Hallums*, 4 NY3d 499, 507, 508 [2005]; *Cuffy v City*

*of New York*, 69 NY2d 255, 260 [1987]). The elements of this "special relationship" are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking (*see Cuffy v City of New York, supra* at 260).

Here, the appellants' submissions reveal that a triable issue of fact exists, inter alia, as to whether there was a "special relationship" between the plaintiff and the appellants.

The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.