LENORA ALVARADO, Appellant, v CITY OF NEW YORK et al., Respondents. [874 NYS2d 96]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about September 14, 2007, which, insofar as appealed from as limited by the briefs, in this action for personal injuries allegedly sustained as the result of a lack of police protection, granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff alleges that while acting as an interpreter for defendant police department during the course of an investigation into a complaint of domestic violence, she was assaulted by a

knife-wielding individual who was involved in a dispute with his girlfriend. Plaintiff alleges that the injuries she sustained during the attack were the result of the failure of the police to protect her from a man who was known to be violent and dangerous.

"[M]unicipalities generally enjoy immunity from liability for discretionary activities they undertake through their agents, except when plaintiffs establish a 'special relationship' with the municipality" (*Kovit v Estate of Hallums*, 4 NY3d 499, 505 [2005]). On this motion to dismiss, where "the pleading is to be afforded a liberal construction" and where the court is only to determine "whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that plaintiff sufficiently set forth the elements of a "special relationship" (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]), and that the complaint was improperly dismissed.

The record shows that plaintiff was not simply a member of the public at large, but was a translator whose services had been requested by defendant police department to aid officers in the investigation of a complaint of domestic violence. Under these circumstances, the police department assumed an affirmative duty to avoid placing plaintiff in a dangerous position and at the mercy of a person the officers suspected was capable of violence. It also cannot be said, as a matter of law, that the police were unaware that inaction on their part might cause harm to someone in the suspect's vicinity. Furthermore, there was direct contact between plaintiff and the police, and as someone who was summoned by the police to a possible crime scene, plaintiff had a right to expect that she would receive protection from the individual suspected of domestic violence, thereby satisfying the element of justifiable reliance on the municipality's affirmative undertaking (*see Mastroianni v County of Suffolk*, 91 NY2d 198 [1997]). Concur—Tom, J.P., Moskowitz, Renwick and Freedman, JJ.