(December 10, 2009)

■ SKIP FUNT, Appellant, v HUMAN RESOURCES ADMINISTRATION OF THE CITY OF NEW YORK, Respondent. [890 NYS2d 55]—

Dismissal of this pro se action alleging negligent failure to provide assistance to avert eviction was proper as the Human Resources Administration was not a proper party (*see* NY City Charter § 396; *Siino v Department of Educ. of City of N.Y.*, 44 AD3d 568 [2007]), the notice of claim was not served within 90 days after plaintiff's claim arose (General Municipal Law § 50-e [1] [a]), i.e., the date of plaintiff's eviction, plaintiff did not seek leave to serve a late notice of claim (General Municipal Law § 50-e [5]), and the action was commenced more than one year

and 90 days after plaintiff's eviction (General Municipal Law § 50-i [1] [c]).

Even had timely service of the notice of claim and commencement of the action been made on the proper party, dismissal would be warranted as plaintiff failed to establish the existence of a special relationship between himself and the agency so that the City could be held liable for the discretionary acts of its employee (*Pelaez v Seide*, 2 NY3d 186, 193 [2004]). The court properly found that plaintiff failed to establish that the actions of defendant's caseworker constituted the assumption of a special duty toward plaintiff or that plaintiff justifiably relied upon the caseworker's words or actions (*see Kovit v Estate of Hallums*, 4 NY3d 499, 506-507 [2005]).

Nor is the doctrine of res judicata, based upon plaintiff's fair hearing, applicable herein, as the disposition therein was not on the merits and did not cover the negligence claims. Concur—Gonzalez, P.J., Friedman, McGuire, Degrasse and Manzanet-Daniels, JJ.