■ RAFAELA SANTOS et al., Appellants-Respondents, v COUNTY OF WESTCHESTER et al., Appellants-Respondents, and CITY OF NEW YORK, Respondent. (And a Third-Party Title.) [916 NYS2d 209]—

In a consolidated action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered December 18, 2009, as granted that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants County of Westchester, Westchester County of Department of Transportation, Liberty Lines Transit, Inc., and Joseph Cassano separately appeal, as limited by their brief, from so much of the same order as granted that branch of the cross motion which was for summary judgment dismissing their cross claims against the defendant City of New York.

Ordered that the appeal by the defendants County of Westchester, Westchester County of Department of Transportation, Liberty Lines Transit, Inc., and Joseph Cassano is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the defendant City of New York, payable by the appellants appearing separately and filing separate briefs.

On July 11, 2006, the plaintiffs were in a vehicle in the intersection of Exterior Street and 149th Street in the Bronx, attempting to make a left turn onto 149th Street. A City of New York traffic enforcement agent was in the intersection, directing traffic, and he directed the plaintiffs' vehicle to make the turn. However, a bus owned and leased by Westchester County and Liberty Lines Transit, Inc., and operated by Joseph Cassano (hereinafter collectively the county defendants), traveling northbound on Exterior Street, with a green light in its favor, also entered the intersection, and collided with the rear passenger side of the plaintiffs' vehicle.

The plaintiffs commenced this action against the county defendants and the City of New York to recover damages for their personal injuries. The City cross-moved, inter alia, for summary judgment on the ground that it was immune from liability because its traffic enforcement agent was performing a discretionary act. The Supreme Court granted the City's cross motion.

The appeal by the county defendants must be dismissed. Since they did not oppose the City's cross motion before the Supreme Court, they are not aggrieved by the order appealed from (*see* CPLR 5511).

The City met its burden of establishing its prima facie entitlement to judgment as a matter of law by establishing that its traffic enforcement agent was performing a discretionary act for which it is immune from liability (*see Kovit v Estate of Hallums*, 4 NY3d 499, 506 [2005]; *Devivo v Adeyemo*, 70 AD3d 587 [2010]; *Shands v Escalona*, 44 AD3d 524 [2007]; *see also McLean v City of New York*, 12 NY3d 194, 203 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the City's cross motion which was for summary judgment dismissing the complaint and any cross claims insofar as asserted against it.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.