■ HENRY MILLER et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [983 NYS2d 428]—

In a consolidated action to recover damages for personal injuries, the defendants City of New York and Traffic Enforcement Agent "Jane" Smith appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated April 17, 2012, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants City of New York and Traffic Enforcement Agent "Jane" Smith for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

On September 11, 2008, the plaintiffs were in a vehicle traveling northbound on Adams Street in Brooklyn when they were struck in the intersection with Tillary Street by a vehicle operated by the defendant Robert Fasano, who was traveling westbound on Tillary Street. The plaintiffs had a green light in their favor. However, a City of New York traffic enforcement agent was in the intersection, directing traffic, and she had directed Fasano's vehicle to proceed through the intersection although he had a red light.

Under the doctrine of governmental function immunity, " '[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general' " (*Valdez v City of New York*, 18 NY3d 69, 76-77 [2011], quoting *McLean v City of New York*, 12 NY3d 194, 203 [2009]; *see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 423-424 [2013]).

Here, the defendants City of New York and Traffic Enforcement Agent "Jane" Smith (hereinafter together the city defendants) met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that the allegedly negligent acts of the defendant traffic enforcement agent were discretionary and not ministerial (*see Kovit v Estate of Hallums*, 4 NY3d 499, 506 [2005]; *Santos v County of Westchester*, 81 AD3d 710 [2011]; *Kadymir v New York City Tr. Auth.*, 55 AD3d 549, 552 [2008]; *Shands v Escalona*, 44 AD3d 524 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted the city defendants' motion for summary judgment dismissing the

complaint and all cross claims insofar as asserted against them. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.