■ Maria Giresi, Respondent, v City of New York et al., Appellants, et al., Defendant. [3 NYS3d 88]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants City of New York, Board of Education of the City of New York, and the Department of Education of the City of New York appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated July 10, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants City of New York, Board of Education of the City of New York, and the Department of Education of the City of New York for summary judgment dismissing the complaint insofar as asserted against them is granted.

On October 22, 2009, the plaintiff's child (hereinafter the infant), who was then three years old, was struck by a car in front of P.S. 372 on 1st Street in Brooklyn, where he was a pre-K student. The infant had been released from school to the plaintiff inside the school, near his classroom, around 2:45 p.m. Thereafter, the plaintiff, the infant, and his sister went outside and, while the plaintiff was speaking to another parent on the sidewalk around the corner from where they had left the school, the infant ran into the street from between two parked buses and was struck by a car driven by the defendant Rafael A. Eustaquio. The plaintiff commenced this action against, among others, the defendants City of New York, Board of Education of the City of New York, and the Department of Education of the City of New York (hereinafter collectively the municipal defendants), alleging negligent supervision and negligent traffic control. The municipal defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. We reverse.

A school's duty to supervise the students in its charge arises from its physical custody over them (see Pratt v Robinson, 39 NY2d 554, 560 [1976]; Begley v City of New York, 111 AD3d 5, 23 [2013]). The rationale underlying this duty is that when a school takes custody of a child, it deprives the child of the protection of his or her parents or guardian, and thus must give the child the protection of which the child has been deprived (see Pratt v Robinson, 39 NY2d at 560; Begley v City of New York, 111 AD3d 5 [2013]). For this reason, a school's duty to supervise is generally viewed as being "coextensive with and concomitant to its physical custody of and control over the child. When that custody ceases because the child has passed out of the orbit of its authority in such a way that the

parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (*Pratt v Robinson*, 39 NY2d at 560; *see Begley v City of New York*, 111 AD3d 5 [2013]). In support of their motion, the municipal defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that they had released the infant to the plaintiff's custody and, thus, he was no longer in the custody of the municipal defendants when the accident occurred. In response, the plaintiff failed to raise a triable issue of fact as to the cause of action alleging negligent supervision against the municipal defendants. Therefore, the Supreme Court should have dismissed that cause of action against the municipal defendants.

Furthermore, the Supreme Court should have dismissed the plaintiff's cause of action to recover based upon negligent traffic control by the municipal defendants. A municipal defendant is immune from liability for negligence claims arising from the performance of its governmental functions (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). However, there is a "narrow class of cases in which [the courts] have recognized an exception to this general rule and have upheld tort claims based upon a 'special relationship' between the municipality and the claimant" (*id.*; *see Kircher v City of Jamestown*, 74 NY2d 251 [1989]; *Vandewinckel v Northport/East Northport Union Free School Dist.*, 24 AD3d 432 [2005]; *Apostolakis v Centereach Fire Dist.*, 300 AD2d 516 [2002]). "A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d 186, 199-200 [2004]; *see McLean v City of New York*, 12 NY3d 194, 199 [2009]; *Cuffy v City of New York*, 69 NY2d at 260; *Signature Health Ctr., LLC v State of New York*, 92 AD3d 11, 14-15 [2011]). Regulation and control of traffic and public transportation "[is] the exercise of an unquestioned governmental function" (*Cities Serv. Oil Co. v City of New York*, 5 NY2d 110, 115 [1958]). Here, the municipal defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that they did not owe the infant a special duty and, in response, the plaintiff failed to raise a triable issue of fact.

In any event, the municipal defendants established, prima

facie, that the alleged inadequate supervision and inadequate traffic control were not a proximate cause of the injuries allegedly sustained by the infant in this case (*see McFadden v Village of Ossining*, 48 AD3d 761 [2008]). In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact as to causation.

Therefore, the Supreme Court should have granted the municipal defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.