Hershkovitz v Brown (2025 NY Slip Op 00436)

Hershkovitz v Brown

2025 NY Slip Op 00436

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-10166
 (Index No. 509763/17)

[*1]Rita Hershkovitz, respondent,
v
Douglas E. Brown, Jr., defendant, City of New York, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for appellants.
Lipsig, Shapey, Manus & Moverman, P.C. (Thomas J. Moverman, Charles E. Wisell, and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondent.
James G. Bilello, Melville, NY (Alina Vengerov of counsel), for defendant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York, New York City Police Department, and John McMillan appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 25, 2022. The order, insofar as appealed from, denied that branch of the motion of those defendants which was for summary judgment dismissing the negligence cause of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants City of New York, New York City Police Department, and John McMillan which was for summary judgment dismissing the negligence cause of action insofar as asserted against them is granted.
The plaintiff commenced this action against, among others, the City of New York, the New York City Police Department (hereinafter together the City defendants), and John McMillan, a traffic control agent employed by the City defendants, to recover damages for personal injuries that she alleged she sustained when she was hit by a vehicle in March 2016 when she was walking across an intersection in Brooklyn. The plaintiff alleged, inter alia, that, on the date at issue, she entered the intersection when the traffic light changed in her favor but that McMillan, who was directing traffic, directed the driver of a vehicle to enter the intersection from a left turn, causing her to be struck by the vehicle. The City defendants and McMillan moved, among other things, for summary judgment dismissing the negligence cause of action insofar as asserted against them. In an order dated October 25, 2022, the Supreme Court, inter alia, denied that branch of the motion. The City defendants and McMillan appeal.
"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Turturro v City of New York, 28 NY3d 469, 477 [internal quotation marks omitted]). "[A] municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (id. at 477-478 [internal quotation marks omitted]). "Under [*2]the doctrine of governmental function immunity, '[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general'" (Miller v City of New York, 116 AD3d 829, 830, quoting Valdez v City of New York, 18 NY3d 69, 76-77 [internal quotation marks omitted]). "Regulation and control of traffic and public transportation '[is] the exercise of an unquestioned governmental function'" (Giresi v City of New York, 125 AD3d 601, 603, quoting Cities Serv. Oil Co. v City of New York, 5 NY2d 110, 115), and directing traffic, specifically, is a discretionary rather than a ministerial governmental act (see Miller v City of New York, 116 AD3d at 830; Santos v County of Westchester, 81 AD3d 710, 711).
Here, the City defendants and McMillan established their prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action insofar as asserted against them irrespective of the conflicting evidence as to whether McMillan directed the driver of the vehicle into the intersection. Under the facts as alleged, if McMillan directed the driver of the vehicle into the intersection, McMillan's action was discretionary and he and the City defendants are thus immune from liability under governmental function immunity (see Giresi v City of New York, 125 AD3d at 603; Miller v City of New York, 116 AD3d at 830). If, on the other hand, McMillan was standing on the side of the road not directing any traffic, there was no negligent act and no basis for liability for him or the City defendants (see Miller v City of New York, 116 AD3d at 830; Santos v County of Westchester, 81 AD3d at 711). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the motion of the City defendants and McMillan which was for summary judgment dismissing the negligence cause of action insofar as asserted against them.
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court