THEODORE GONZALEZ, Respondent, v COUNTY OF SUFFOLK, Defendant, and TOWN OF ISLIP, Appellant. [643 NYS2d 651]

The plaintiff was injured when he stepped on a lit road flare as he was walking on an entrance and exit ramp leading from the Bay Shore Marina where he had attended a fireworks display. The marina is owned by the defendant Town of Islip. The plaintiff commenced this action against the Town and the County of Suffolk, which separately moved for summary judgment dismissing the complaint. The Supreme Court denied the Town's motion but granted the County's motion and dismissed the complaint insofar as it was asserted against the County.

It is well-settled that a municipality is immune from negligence claims arising out of the performance of its governmental functions unless the injured person establishes a special relationship with the municipality which would create

a special duty of protection with respect to that individual (see, *Kircher v City of Jamestown,* 74 NY2d 251, 255-256; *Bonner v City of New York,* 73 NY2d 930, 932; *Cuffy v City of New York,* 69 NY2d 255, 260; *Sandstrom v Rodriguez,* 221 AD2d 513). It is clear that the placement of road flares is a governmental function. Furthermore, the plaintiff failed to establish a special relationship since there was no direct contact between himself and any municipal agent (either Town or County), and since he did not demonstrate the element of justifiable reliance (see, *Cuffy v City of New York, supra).*

Accordingly, the Town was entitled to summary judgment dismissing the complaint insofar as it was asserted against it. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.