OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 While plaintiff Rachel Balsam was standing behind her car to survey damage caused by a van that skidded on ice and collided with the rear of her vehicle, a third car rammed the van after hitting the same ice patch, causing the van to pin plaintiff between the van and her car. Plaintiff, and her husband derivatively, sued defendant New York City for her personal injuries, contending that the City was negligent in failing to protect her from the hazardous condition on the roadway. The Appellate Division reversed a judgment entered on a jury verdict in plaintiff’s favor, concluding that the challenged actions of the City’s police department in responding to the ice hazard involved a governmental function upon which tort liability could not be based.
 

 Plaintiff acknowledges the time-honored rule that a municipality bears no liability for the negligent performance by its agents of governmental functions, absent the existence of a special relationship between the injured party and the municipality
 
 (Kircher v City of Jamestown,
 
 74 NY2d 251;
 
 Cuffy v City of New York,
 
 69 NY2d 255, 260). No "special duty” is urged by plaintiff here. Instead, plaintiff contends that the City may be held liable for her injuries because "the danger arose from the condition of the street surface, [and thus] this case involves a simple breach of a proprietary duty by New York City police officers.”
 

 Plaintiff’s argument places before us the dichotomy between actions undertaken by municipal agents in a governmental capacity for which tort immunity is conferred and proprietary functions that subject the municipality to ordinary tort liability
 
 (see, Miller v State of New York,
 
 62 NY2d 506, 511-512). The characterization of a municipal act as "proprietary” or "governmental” does not depend simply on "whether the agency involved is * * * in control of the location in which the injury occurred”
 
 (Weiner v Metropolitan Transp. Auth.,
 
 55 NY2d 175, 182). To determine where in the continuum of activity between proprietary and governmental responsibilities the challenged public action falls, we must examine " 'the specific
 
 *968
 
 act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred’ ” (Miller, 62 NY2d, at 513,
 
 supra).
 

 No claim is made here that the police were charged with the responsibility to physically maintain the property where plaintiff’s accident occurred — a proprietary duty. Rather, plaintiff specifically hinges her negligence action against the City on the responding police officers’ failure to close the roadway, redirect traffic or place warning flares or cones in the area of the icy condition prior to her accident.
 

 Like crime prevention, trafile regulation is a classic example of a governmental function undertaken for the protection and safety of the public pursuant to the general police powers
 
 (Clinger v New York City Tr. Auth.,
 
 85 NY2d 957, 959;
 
 Kamnitzer v City of New York,
 
 265 App Div 636;
 
 Parsons v City of New York,
 
 248 App Div 825,
 
 affd
 
 273 NY 547). That the function has traditionally been assumed by police rather than by private actors is a tell-tale sign that the conduct is not proprietary in nature
 
 (Miller v State of New York,
 
 62 NY2d, at 512,
 
 supra).
 
 Thus, like the unsuccessful claim that a public entity failed to properly police or close off a tunnel that was historically troubled by criminal attacks
 
 (see, Clinger v New York City Tr. Auth.,
 
 85 NY2d 957, 959,
 
 supra),
 
 the challenged police failure to close the roadway or divert traffic here similarly falls well within the immunized "governmental” realm of municipal responsibility.
 

 Manifestly, tort suits that test the course of action undertaken by the police in furtherance of public safety are disfavored under our law because they implicate choices about the allocation of finite police resources that are "better left to the discretion of the policy makers”
 
 (Cuffy v City of New York,
 
 69 NY2d, at 260,
 
 supra).
 
 So too here, plaintiffs action raises the specter that the jury would assess the reasonableness of the police response to this ice hazard, and thereby impermissibly second-guess "a considered legislative-executive decision as to how those resources may be deployed”
 
 (Riss v City of New York,
 
 22 NY2d 579, 581-582). Accordingly, we agree with the Appellate Division that the police officers’ actions here did not provide a proper predicate for tort liability against the City.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs, in a memorandum.