■ JOHN W. PFAHLER, SR., as Limited Administrator of the Estate of PAMELA M. PFAHLER, Deceased, Appellant, v TOWN

of Friendship et al., Respondents. [705 NYS2d 772] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint. "Defendants established that neither municipality had prior written notice of a defective condition, and actual or constructive notice is not a substitute for compliance with the prior written notice requirement" (Cox v County of Allegany [appeal No. 2], 267 AD2d 1004).

We reject plaintiff's contention that Local Laws, 1990, No. 2 of the Town of Friendship does not require prior written notice of snow and ice conditions on highways that are maintained but not owned by defendant Town of Friendship (Town). Local Law No. 2, § 1 requires prior written notice that any highway "maintained by the Town" is "defective, out of repair, unsafe, dangerous" or in an obstructed condition as a condition precedent to a lawsuit for damages for personal injuries. The second section, which applies to injuries sustained as a consequence of snow or ice upon any highway owned by the Town, merely adds the requirement that the written notice of claim specify "the particular place" and does not abrogate the necessity for prior written notice as required in the first, more general section.

The court also properly rejected plaintiff's attempt to establish the Town's liability for the death of plaintiff's decedent through evidence that a Town police officer had responded to an earlier accident at the same location and had neither closed the highway nor warned decedent of a dangerous condition. Plaintiff failed to allege that a special relationship existed between decedent and the Town police (see, Cuffy v City of New York, 69 NY2d 255, 260); therefore, liability against the Town cannot be premised upon "the reasonableness of the police response to this ice hazard" (Balsam v Delma Eng'g Corp., 90 NY2d 966, 968). (Appeal from Order of Supreme Court, Allegany County, Himelein, J.—Summary Judgment.) Present— Green, J. P., Pine, Scudder and Lawton, JJ.