■ DALE ROGERS et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 101634.) SAMANTHA ROGERS, an Infant, by her Parent and Natural Guardian, JOYCE ROGERS, et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 101635.) [732 NYS2d 805] —Order unanimously reversed on the law without costs, motions granted and claims dismissed. Memorandum: The Court of Claims erred in denying the motions of defendant, State of New York (State), seeking dismissal of the claims for failure to state a cause of action (*see,* CPLR 3211 [a] [7]; *cf., Leon v Martinez,* 84 NY2d 83, 87-88). Claimants commenced these actions seeking to recover damages for personal injuries sustained by claimant Dale Rogers and his daughter, claimant Samantha Rogers, in a motor vehicle accident. The accident occurred when the driver of a second vehicle swerved to avoid a deer carcass in the roadway, crossed into Dale Rogers' lane of travel and collided head-on with the vehicle operated by Dale Rogers in which his daughter was a passenger. Claimants allege that the State was negligent in failing to remove the deer carcass from the roadway after a 911 call from another motorist had been received and a State Trooper had been dispatched to the scene. We conclude that claimants have failed to allege that they had the necessary special relationship with the State to "provide a proper predicate for tort liability against the [State]" premised on its regulation of traffic (*Balsam v Delma Eng'g Corp.,* 90 NY2d 966, 968; *see also, Cuffy v City of New York,* 69 NY2d 255, 260). Claimants have not set forth facts that would create the necessary direct contact and justifiable reliance required under the special relationship test (*see, Cuffy v City of New York, supra,* at 260). Furthermore, contrary to claimants' contention, the alleged breach of duty here did not involve a proprietary function. Indeed, the fact that the regulation of traffic by police agencies "has traditionally been assumed by police rather than by private actors is a tell-tale sign that the conduct is not proprietary in nature" (*Balsam v Delma Eng'g Corp., supra,* at 968). (Appeal from Order of Court of Claims, Corbett, Jr., J.—Dismiss Claim.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.

■ DARIEN RAFORTH, Appellant, v ROBERT BRANDT et al., Respondents. [732 NYS2d 604] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Frazee, J. (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.