■ KYM RESPASS, Appellant, v CITY OF NEW YORK et al., Respondents. [733 NYS2d 210] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 3, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the City of New York and the New York City Police Department (hereinafter collectively the City) to recover damages for personal injuries he sustained as the result of a motor vehicle accident on the Belt Parkway. At the time of his accident, the plaintiff was riding a motorcycle which struck a nonmoving vehicle that had been involved in an accident. In his complaint, the plaintiff alleged that the City was negligent in failing to properly secure the accident scene.

The City moved for summary judgment dismissing the complaint. In its motion, the City argued that it was entitled to summary judgment dismissing the complaint since it could not be held liable for performing a governmental function such as traffic regulation in the absence of a special duty. The City also maintained that the plaintiff was collaterally estopped from relitigating the issue of whether it could be held liable for failing to properly secure the accident scene, as that issue was previously decided in other consolidated actions arising out of the same incident wherein the plaintiff was a defendant. In *Floyd v City of New York* (hereinafter the Floyd action), the Supreme Court, Kings County, determined that the City could not be held liable for its alleged failure to properly secure the accident scene since no special duty was owed to those plaintiffs.

The Supreme Court granted the motion for summary judgment dismissing the complaint, finding that the plaintiff was collaterally estopped from relitigating the issue of whether the City was negligent in failing to adequately secure the accident scene. The Supreme Court also held that the actions of the

City constituted nonfeasance and not malfeasance, and that the plaintiff failed to establish that the City owed him a special duty.

We note that the plaintiff correctly contends that the Supreme Court erred in applying the doctrine of collateral estoppel to this case. Contrary to the City's contention, the plaintiff did not have a full and fair opportunity to litigate the issue of its liability in the Floyd action (*see, Kaufman v Eli Lilly & Co.,* 65 NY2d 449; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). The plaintiff did not raise any issue with respect to the City's liability in the Floyd action, but rather maintained that he could not be held liable as his vehicle did not come into contact with the Floyd vehicle, and that the plaintiff in the Floyd action hit an object in the roadway.

However, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to demonstrate the existence of a special relationship. A municipality will not be held liable for the negligent performance of a governmental function in the absence of a special relationship between the injured party and the municipality (*see, Balsam v Delma Eng'g Corp.,* 90 NY2d 966; *Kircher v City of Jamestown,* 74 NY2d 251; *Cuffy v City of New York,* 69 NY2d 255; *Gonzalez v County of Suffolk,* 228 AD2d 411). Here, the City's placement of road flares was a governmental function, and the plaintiff was therefore required to establish the existence of a special relationship (*see, Gonzalez v County of Suffolk, supra; see also, Balsam v Delma Eng'g Corp., supra* [traffic regulation is a governmental function]). Under the circumstances, there was no special relationship between the City and the plaintiff since there was no direct contact between them prior to his accident, and there was no justifiable reliance (*see, Cuffy v City of New York, supra; Gonzalez v County of Suffolk, supra*). Ritter, J. P., Friedmann, Florio and Cozier, JJ., concur.