■ RICHARD ECKERT et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 100921.) [771 NYS2d 132]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from (1) a decision of the Court of Claims (Mignano, J.), dated February 6, 2003, and (2) a judgment of the same court dated February 25, 2003, which, after a trial on the issue of liability, dismissed the claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The claimants allege, among other things, that the State of New York was negligent in having its police officers fail to replace extinguished road flares at the scene of an accident, and failed to take other reasonable measures to warn drivers of the accident. However, traffic regulation, including the placement of road flares, "is a classic example of a governmental function undertaken for the protection and safety of the public pursuant to the general police powers" (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]; *see Respass v City of New York*, 288 AD2d 286 [2001]; *Gonzalez v County of Suffolk*, 228 AD2d 411 [1996]).

It is well settled that a municipality cannot be held liable for negligence in the performance of a governmental function unless a special relationship exists between the municipality and the injured party (*see Balsam v Delma Eng'g Corp., supra* at 967; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Here,

the injured claimant failed to establish the existence of a special relationship between himself and the State. Accordingly, the claim was properly dismissed. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.