■ In the Matter of EDWINA C. SCHLEIDER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 96500.) [773 NYS2d 652]—

Appeal from a judgment of the Court of Claims (Philip J. Patti, J.), entered January 3, 2003. The judgment found in favor of claimant following a bifurcated trial on the issue of liability.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the claim is dismissed.

Memorandum: Defendant, State of New York (State), appeals from a judgment entered in claimant's favor following a bifurcated trial on the issue of liability. Claimant commenced this action to recover damages for injuries she sustained when she lost control of her motor vehicle on a patch of ice. That same condition had caused a similar motor vehicle accident at the same location approximately five hours earlier. The Court of Claims determined that the State is liable for the negligence of an Onondaga County Sheriff's Deputy in failing to discover, and then report, the patch of ice when he investigated the first accident.

Without disputing that it may be accountable for the actions of a Sheriff's Deputy, the State contends that the alleged

negligence of the Deputy here arises from the exercise of a governmental function and thus cannot provide a basis for liability "absent a special relationship between the injured party and the State" (*Sebastian v State of New York*, 93 NY2d 790, 793 [1999]). We agree. "No claim is made here that the police were charged with the responsibility to physically maintain the property where [claimant's] accident occurred—a proprietary duty" (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]). The alleged failure of the Deputy here to investigate the accident scene in a proper manner involves the exercise of "a governmental function undertaken for the protection and safety of the public pursuant to the general police powers . . . That the function [of investigating accidents] has traditionally been assumed by police rather than by private actors is a tell-tale sign that the conduct is not proprietary in nature" (*id.*; *see Eckert v State of New York*, 3 AD3d 470 [2004]; *Rogers v State of New York*, 288 AD2d 926 [2001]; *Pfahler v Town of Friendship*, 270 AD2d 886 [2000]).

We reject the contention of claimant that the State had actual or constructive notice of the dangerous condition created by the ice patch. There is no evidence that the State had actual notice of the ice patch and, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Schleifman v Prime Hospitality Corp.*, 246 AD2d 789, 790 [1998]; *cf. Boyko v Limowski*, 223 AD2d 962, 964 [1996]). The evidence here establishes that the ice patch was not visible and apparent. Although claimant contends that the State was aware of a longstanding drainage issue and resultant flooding problem along this roadway, " 'general awareness' that a dangerous condition may exist is insufficient to support a finding that the owner had constructive notice of the specific condition that caused [the accident]" (*Winecki v West Seneca Post 8113*, 227 AD2d 978, 979 [1996]). We therefore reverse the judgment and dismiss the claim. Present—Wisner, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.