■ PATRICIA SANTORO et al., Respondents-Appellants, v CITY OF NEW YORK, Appellant-Respondent, et al., Defendants. [795 NYS2d 60]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated January 26, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion to dismiss the defendant City of New York's affirmative defense of comparative negligence.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, the complaint is dismissed insofar as asserted against the City of New York, and the action against the remaining defendants is severed; and it is further,

Ordered that the cross appeal is dismissed as academic, in light of the determination on the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant City of New York payable by the plaintiffs.

The alleged negligence of the defendant City of New York consisted of its purported failure to properly direct traffic at the scene of the injured plaintiff's accident. Traffic regulation "is a classic example of a governmental function undertaken for the protection and safety of the public pursuant to the general police powers" (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]; *see Eckert v State of New York*, 3 AD3d 470 [2004]). The plaintiffs relied exclusively on the special relationship doctrine to support their right of recovery. Under that doctrine a municipality cannot be held liable for negligence in performing a governmental function unless a special relationship exists between the municipality and the injured party (*see Balsam v Delma Eng'g Corp., supra* at 967; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Eckert v State of New York, supra* at 470). Here, the City made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that in this case no special relationship existed between it and the injured plaintiff. In opposition thereto, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the City's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted.

In light of the foregoing determination, we need not address the City's remaining contention, and the plaintiffs' cross appeal has been rendered academic. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.