■ CORNELIUS LYNCH, JR., et al., Appellants, v STATE OF NEW YORK, Respondent. [831 NYS2d 228]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Lack, J.), dated October 20, 2005, which, after a nonjury trial on the issue of liability, and upon a decision of the same court dated September 23, 2005, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The evidence at trial showed that the injured claimant, who was a tow truck operator, responded to the scene of an accident on a New York State parkway, where a disabled vehicle was located on the center median. When the injured claimant arrived, a State Trooper who had responded to the accident scene stopped the oncoming traffic, thereby allowing the injured claimant to drive over to the median with his tow truck, and park in front of the disabled vehicle. The oncoming traffic then started to flow again.

After standing for several minutes on the median, the State Trooper told the injured claimant that it was "okay" to hook the disabled vehicle up to the tow truck. The injured claimant then proceeded to the back of the tow truck to do so when he was injured by an oncoming vehicle, which drove on to the median and collided with the tow truck.

The injured claimant brought the instant claim against the State of New York, seeking to recover damages for his personal injuries. According to him, the State Trooper was negligent in failing to set up road flares in a manner that would have blocked off the oncoming traffic, and thus protect the claimant from such traffic.

The claim ultimately proceeded to a nonjury trial on the issue of liability, after which the trial court dismissed the claim on the ground that 17 NYCRR 190.9 "immunized" the State from liability for the injured claimant's injuries. However, as the State correctly concedes, the trial court improperly relied on 17 NYCRR 190.9, as the State never asserted it as a defense (see

*Shepardson v Town of Schodack*, 83 NY2d 894, 895 [1994]; *Kolkmeyer v Westhampton Taxi & Limo Serv.*, 261 AD2d 587, 588 [1999]). Moreover, 17 NYCRR 190.9 has no application to the instant matter, as the regulation merely placed certain indemnification obligations on the injured claimant's employer and, in any event, only applies to accidents occurring "during the operation of" tow trucks (*cf. Matter of New York Cent. Mut. Fire Ins. Co. [Hayden—Allstate Ins. Co.]*, 209 AD2d 927, 928).

Despite the trial court's erroneous reasoning, however, we affirm the judgment dismissing the claim. "In a case tried without a jury, this Court's inquiry 'is as broad as that of the trial court,' and this Court may render a judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Levin v State of New York*, 32 AD3d 501, 502 [2006], quoting *Martinez v State of New York*, 225 AD2d 877, 878-879 [1996]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the evidence supports the conclusion that the State is not liable for the injured claimant's injuries. At the time of the subject accident, the State Trooper was performing a governmental function (*see Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]). Thus, in order to hold the State liable for the State Trooper's alleged negligence, the injured claimant had to demonstrate the existence of a "special relationship" with the State (*see Kovit v Estate of Hallums*, 4 NY3d 499, 506-507 [2005]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Miller v State of New York*, 62 NY2d 506, 510 [1984]). Such a relationship did not exist here as the evidence clearly shows that the State Trooper did not, through a promise or actions, voluntarily assume a duty to protect the injured claimant (*see Eckert v State of New York*, 3 AD3d 470 [2004]; *Respass v City of New York*, 288 AD2d 286, 287 [2001]).

The claimants' remaining contentions either have been rendered academic in light of our determination or are without merit. Schmidt, J.P., Krausman, Balkin and McCarthy, JJ., concur.