■ DIANE HUGHES-BERG et al., Appellants, v MICHAEL MUELLER, Defendant, and INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Respondents. [855 NYS2d 663]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered February 1, 2007, which granted the motion of the defendants Incorporated Village of Rockville Centre, Rockville Centre Police Department, and John Fitzpatrick for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On December 10, 2003 the plaintiff Diane Hughes-Berg (hereinafter the plaintiff) became intoxicated after consuming four to five glasses of red wine while attending a holiday party at a restaurant located in the defendant Incorporated Village of Rockville Centre. Following the party, she walked to a nearby bar with a coworker. At the bar, the plaintiff felt disoriented after consuming another glass of red wine. She left the bar to get some fresh air and collapsed on a nearby sidewalk. The defendant Michael Mueller, who was driving in his motor vehicle, witnessed the plaintiff collapse and summoned the police by calling 911. The defendant John Fitzpatrick, a police officer from the defendant Rockville Centre Police Department, responded to the 911 call, whereupon he observed the plaintiff sitting on a bench with Mueller standing next to her. Although Officer Fitzpatrick did not have a clear recollection of knowing

Mueller personally, he noted that Mueller was wearing a Gemma Towing shirt, which was a tow company that the Rockville Centre Police Department had used at accident scenes.

After the plaintiff allegedly told the officer that she did not need any medical assistance, she did not want a taxi to take her home, and there was no one he could call to pick her up, she accepted a ride home with Mueller, providing a Long Beach address as her residence. Although the plaintiff had alcohol on her breath, she allegedly spoke clearly, albeit slowly, and walked to the car without assistance. Subsequently, the plaintiff reported that Mueller physically and sexually assaulted her.

The plaintiff and her husband, suing derivatively, commenced this action against the Incorporated Village of Rockville Centre, the Rockville Centre Police Department, Officer Fitzpatrick (hereinafter collectively the defendants), and Mueller. The plaintiffs alleged that the defendants negligently performed their duties by placing the injured plaintiff in Mueller's care and custody.

A municipal defendant is immune from liability for negligence claims arising from the performance of its governmental functions unless the plaintiff can establish the existence of a special relationship between the injured party and the municipal defendant (*see Kircher v City of Jamestown,* 74 NY2d 251, 256 [1989]; *Cuffy v City of New York,* 69 NY2d 255, 260 [1987]; *Thompson v Town of Brookhaven,* 34 AD3d 448, 449 [2006]; *Sandstrom v Rodriguez,* 221 AD2d 513, 514 [1995]). The elements of a special relationship are: (1) an assumption by a municipality, through promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of a municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking (*see Kovit v Estate of Hallums,* 4 NY3d 499, 506-507 [2005]; *Cuffy v City of New York,* 69 NY2d at 260).

Here, the defendants demonstrated their prima facie entitlement to summary judgment by establishing the absence of any special relationship with the plaintiff. In response, the plaintiffs failed to raise a triable issue of fact. Specifically, the plaintiffs failed to demonstrate that Officer Fitzpatrick assumed an affirmative duty to act on behalf of the plaintiff (*see Lynch v State of New York,* 37 AD3d 772, 773 [2007]; *Eckert v State of New York,* 3 AD3d 470 [2004]; *Respass v City of New York,* 288 AD2d 286, 287 [2001]; *Lorenzo v City of New York,* 192 AD2d 586, 588-589 [1993]). At a hearing pursuant to General Municipal Law § 50-h and at her examination before trial, the plaintiff testified that

she did not recall how it was decided that Mueller would give her a ride home and she did not remember the officer telling her to go home with Mueller.

In opposition to the defendants' motion for summary judgment, however, the plaintiff stated in an affidavit that the officer put her in Mueller's vehicle and gave her verbal assurances that Mueller would take her home. This affidavit thus presented a feigned factual issue designed to avoid the consequences of her earlier statements and was insufficient to raise a triable issue of fact (*see Karwowski v New York City Tr. Auth.*, 44 AD3d 826 [2007]; *Stancil v Supermarkets Gen.*, 16 AD3d 402, 403 [2005]; *Marcelle v New York City Tr. Auth.*, 289 AD2d 459 [2001]; *Nieves v ISS Cleaning Servs. Group*, 284 AD2d 441, 442 [2001]).

Accordingly, the defendants were entitled to summary judgment. Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.