■ PAUL JOHNSON et al., Appellants, v BAUER CORPORATION et al., Respondents. [898 NYS2d 397]—

Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered March 31, 2009 in a personal injury action. The order and judgment, among other things, granted defendants' motions for summary judgment.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this products liability action seeking damages for injuries sustained by Paul Johnson and Kevin Johnson (hereafter, plaintiffs) in a construction accident involving an allegedly defective ladder manufactured by defendant Bauer Corporation (Bauer) and sold to plaintiffs' employer by defendant McQuade & Bannigan, Inc. (McQuade). Plaintiffs and another individual were working on a scaffold platform supported by two ladders when the ladder at issue broke and collapsed, causing plaintiffs to fall to the ground. That ladder was discarded by plaintiffs' employer prior to the commencement of this action.

We conclude that Supreme Court properly granted the motion

of McQuade seeking summary judgment dismissing the complaint against it and the motion of Bauer seeking summary judgment dismissing the complaint and all cross claims against it. We note at the outset that plaintiffs addressed in their brief only the dismissal of their manufacturing defect claims, and we therefore deem abandoned any issues concerning the dismissal of their remaining claims (*see Davis v School Dist. of City of Niagara Falls*, 4 AD3d 866 [2004]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Where, as here, a manufacturing defect claim must be proved circumstantially because the product is unavailable, the plaintiff "must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to [the] defendant[ ]" (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]).

Here, defendants met their initial burdens on the motions by submitting evidence establishing that Bauer manufactured its ladders in accordance with general industry standards and that the ladder at issue failed as a result of misuse or preexisting damage (*see Ramos v Howard Indus., Inc.*, 10 NY3d 218, 223-224 [2008]; *see also Riglioni v Chambers Ford Tractor Sales, Inc.*, 36 AD3d 785, 786 [2007]; *Nichols v Agway, Inc.*, 280 AD2d 889, 890 [2001]). In particular, defendants submitted evidence that the ladder collapsed because the weight of the scaffold, the workers, and the materials thereon exceeded its rated capacity. Defendants also submitted the deposition testimony of one of the other workers, who testified that the ladder was damaged prior to the accident and that it was set up at an improper angle on the date of the accident. In opposition to the motions, plaintiffs failed to present evidence excluding all other causes of the accident not attributable to defendants (*see Ramos*, 10 NY3d at 224; *Preston v Peter Luger Enters., Inc.*, 51 AD3d 1322, 1324-1325 [2008]; *Blazynski v A. Gareleck & Sons, Inc.*, 48 AD3d 1168, 1169 [2008], *lv dismissed in part and denied in part* 11 NY3d 825 [2008]).

Contrary to the further contention of plaintiffs, denial of the summary judgment motions was not required based on Bauer's failure to provide them with certain materials inasmuch as they failed to demonstrate that the materials sought would produce evidence sufficient to defeat the motions (*see* CPLR 3212 [f]; *Dunn v 726 Main & Pine*, 255 AD2d 981 [1998]). Present— Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.