■ JEFFREY M. CARSON et al., Appellants, v TOWN OF OSWEGO, Respondent. [908 NYS2d 482]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered June 1, 2009. The order, insofar as appealed from, granted that part of the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging that defendant failed to build an adequate sewage treatment plant for the subdivision in which real property owned by plaintiffs is situated and that, as a result, potential sales for two parcels owned by plaintiffs were "lost," thus resulting in an "indirect taking of the plaintiffs' property." Supreme Court properly granted that part of defendant's motion for summary judgment dismissing the complaint on the ground that the causes of action are not ripe for review, inasmuch as there was no application to defendant with respect to the sewage system and no denial of any application by defendant (*see Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520-521 [1986], *cert denied*

479 US 985 [1986]). Further, even assuming, arguendo, that defendant's actions in question were ministerial (*cf. McLean v City of New York*, 12 NY3d 194, 203 [2009]; *Weiss v Fote*, 7 NY2d 579, 584 [1960], *rearg denied* 8 NY2d 934 [1960]), we conclude that defendant met its burden of establishing as a matter of law that it did not "violate[ ] a special duty owed to [them], apart from any duty to the public in general," a necessary element for the imposition of liability against a municipality with respect to ministerial actions (*McLean*, 12 NY3d at 203). Contrary to the further contention of plaintiffs, they failed to establish that the discovery they sought would produce evidence sufficient to defeat the motion, and thus denial of the motion was not warranted pursuant to CPLR 3212 (f) (*see Johnson v Bauer Corp.*, 71 AD3d 1586, 1587 [2010]). Finally, although we agree with plaintiffs that the court should not have considered the unrecorded meeting involving the court, the parties and the New York State Department of Environmental Conservation in determining defendant's motion, there nevertheless is ample evidence in the record before us to support the court's decision, and thus the court's error is of no moment. Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.