■ ANDREA SORRENTINO, JR., et al., Appellants, v DAVID MAYERSON, Defendant, and COUNTY OF SUFFOLK et al., Respondents.
[918 NYS2d 579]—

Andrea Sorrentino, Jr. (hereinafter the plaintiff), a tow truck operator, allegedly was injured while attempting to remove a disabled vehicle following a motor vehicle accident. The plaintiff asserted that he backed his tow truck into a driveway where the disabled vehicle and the vehicle of the defendant police officer, Annette Rios-Hoyt, had been parked. As the plaintiff exited his truck and stood next to it, another car driven by the defendant David Mayerson allegedly collided with the front of the plaintiff's truck, causing the truck to strike the plaintiff.

The plaintiffs alleged that the County of Suffolk and Rios-Hoyt (hereinafter together the municipal defendants) failed to properly secure the accident scene by placing road flares or cones in the roadway. The municipal defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they could not be held liable for performing a governmental function such as securing an accident scene in the absence of a special duty. The Supreme Court granted the motion, and the plaintiffs appeal. We affirm.

A municipality will not be held liable for the negligent performance of a governmental function in the absence of a special relationship between the injured party and the municipality (see *McLean v City of New York*, 12 NY3d 194 [2009]; *Balsam v Delma Eng'g Corp.*, 90 NY2d 966 [1997]; *Respass v City of New York*, 288 AD2d 286 [2001]; *Gonzalez v County of Suffolk*, 228 AD2d 411 [1996]). Here, the municipal defendants' actions in securing the accident site constituted a governmental function

and, therefore, they cannot be held liable absent the existence of a special relationship (see *Balsam v Delma Eng'g Corp.*, 90 NY2d 966 [1997]; *Respass v City of New York*, 288 AD2d 286 [2001]; *Gonzalez v County of Suffolk*, 228 AD2d 411 [1996]). The municipal defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that there was no special relationship between them and the injured plaintiff. In opposition, the plaintiffs failed to raise a triable issue of fact (see *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Delaney v City of Mount Vernon*, 68 AD3d 710 [2009]; *Lynch v State of New York*, 37 AD3d 772 [2007]; *Respass v City of New York*, 288 AD2d 286 [2001]; *Gonzalez v County of Suffolk*, 228 AD2d 411 [1996]).

Accordingly, the Supreme Court properly granted the municipal defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.