■ SCOTT ANDROVIC, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [944 NYS2d 113]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about November 12, 2010, which, in this personal injury action arising out of a rear-end collision, to the extent appealed from as limited by the briefs, granted the motion of defendants Metropolitan Transit Authority, MTA Bus Company and Franklin Torres (collectively the MTA defendants) and the cross motion of defendants the City of New York, the Police Department of the City of New York and Frederick Martucci (collectively the City defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The MTA defendants established prima facie entitlement to judgment as a matter of law by submitting evidence showing that the bus operated by Torres and owned by MTA Bus Company had come to a complete stop before it was struck in the rear by a police vehicle in which plaintiff police officer was a passenger (*see Morales v Morales*, 55 AD3d 306, 307 [2008]). In opposition, plaintiff failed to provide a nonnegligent explanation for the rear-end collision sufficient to establish an issue of fact regarding the MTA defendants' negligence (*id.*). That the bus came to a sudden stop was insufficient to raise a triable issue of fact (*see Francisco v Schoepfer*, 30 AD3d 275, 276 [2006]). Nor did Torres' alleged failure to yield to the emergency police vehicle raise a triable issue of fact, as such a failure would not relieve defendant Martucci, the operator of the police vehicle, from driving with reasonable care (*see* Vehicle and Traffic Law § 1144 [b]). Furthermore, it was unconverted that the bus could not have moved any further to the right side of Lexington Avenue because of a double-parked car in front of it on the right side.

The City defendants established prima facie entitlement to judgment as a matter of law by submitting evidence showing that the failure of the police vehicle's brakes was unanticipated and that the City had exercised reasonable care in keeping the brakes and the rest of the vehicle in good working order (*see* 34 RCNY 4-09 [a]; Vehicle and Traffic Law § 375 [1] [a]; *see generally Normoyle v New York City Tr. Auth.*, 181 AD2d 498, 498

[1992]; *Liana v Atacil Contr.*, 212 AD2d 673, 673-674 [1995]). In opposition, plaintiff failed to raise a triable issue of fact.

To the extent plaintiff seeks to impose liability on the City for Martucci's alleged negligence in operating the police vehicle while responding to an emergency call, such a claim is barred by the firefighters' rule (*see Cooper v City of New York*, 81 NY2d 584, 589-592 [1993]; *see generally Flynn v City of New York*, 258 AD2d 129, 135-136 [1999]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.