In an action to recover damages for personal injuries and wrongful death, etc., the defendant County of Dutchess appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 2, 2011, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant County of Dutchess which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint and all cross claims insofar as asserted against it as were premised upon allegations that it failed to have emergency personnel remain at the location of a prior motor vehicle accident and failed to warn motorists of icy road conditions with “flares and/or signs,” and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs decedent died as a result of injuries sustained in a one-car accident that took place on an ice-covered portion of the Salt Point Turnpike in Dutchess County. Another one-car accident had taken place on the same portion of the roadway approximately two hours prior to the subject accident. The plaintiff commenced this action against the County of Dutchess, among others, alleging, with respect to the County, that the County negligently designed, constructed, and maintained the subject roadway, and that the County was negligent in failing to have emergency personnel remain at the location of the prior accident and in failing to warn motorists of the icy road conditions with “flares and/or signs.” The defendant Cheryl Milby asserted cross claims against the County for indemnification and contribution. The Supreme Court denied the County’s motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it. The County appeals, and we modify.
In reviewing a motion to dismiss pursuant to CPLR 3211 (a) (7), “ ‘the court will accept the facts as alleged in the complaint *961 as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 484 [2009], quoting Nonnon v City of New York, 9 NY3d 825, 827 [2007] [internal quotation marks omitted]). “Affidavits submitted by a [defendant] will almost never warrant dismissal under CPLR 3211 unless they ‘establish conclusively that [the plaintiff] has no . . . cause of action’ ” (Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008] [emphasis omitted], quoting Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]). “Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied ‘unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it’ ” (Sokol v Leader, 74 AD3d 1180, 1182 [2010], quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). Here, while the County submitted some evidence that the subject roadway was owned, maintained, and controlled by the State of New York, and not the County, it failed to demonstrate that no significant dispute exists with regard to these facts, or with regard to whether the County was involved in the construction or design of the roadway. Accordingly, the Supreme Court properly denied that branch of the County’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint and all cross claims insofar as asserted against it as were premised upon allegations that the County negligently designed, constructed, and maintained the subject roadway.
However, the Supreme Court should have granted that branch of the County’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint and all cross claims insofar as asserted against it as were premised upon allegations that the County failed to have emergency personnel remain at the location of the prior motor vehicle accident and failed to warn motorists of the icy road conditions with “flares and/or signs.” These allegations concern the County’s governmental function, and the complaint fails to allege a special duty owed to the plaintiffs decedent, as opposed to the public generally, with regard to these allegations (see Valdez v City of New York, 18 NY3d 69, 75 [2011]; Balsam v Delma Eng’g Corp., 90 NY2d 966, 968 [1997]; Sorrentino v Mayerson, 82 AD3d 955, 955-956 [2011]). Contrary to the contentions of the plaintiff and the defendant Cheryl Milby, a plaintiff is required to allege the existence of a special duty regardless of whether the governmental action at issue is discretionary or ministerial (see Valdez v City of New York, 18 NY3d at 76-77; McLean v City of New York, 12 *962 NY3d 194, 203 [2009]; Lauer v City of New York, 95 NY2d 95, 99 [2000]). Balkan, J.P., Hall, Lott and Cohen, JJ., concur.