# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1032

CA 12-00539

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

LINETTE RUIZ, BY THE GUARDIAN OF HER PERSON
AND PROPERTY MARIA RODRIGUEZ,
PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

CITY OF BUFFALO, DEFENDANT-RESPONDENT.

---

HANDELMAN, WITKOWICZ & LEVITSKY, LLP, ROCHESTER (STEVEN M. WITKOWICZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 31, 2011 in a personal injury action. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, by the guardian of her person and property, commenced this action alleging that she suffered injuries as a result of the failure of defendant's Police Department to follow its own ministerial protocol when responding to a 911 telephone call from her roommate providing the information that plaintiff was attempting suicide. Plaintiff's roommate called 911 after receiving a text message from plaintiff stating that she was at that moment committing suicide. The police went to plaintiff's residence but awaited the arrival of her roommate before entering the premises. Plaintiff alleges that the delay in entering the premises was a violation of police procedures and that such violation caused or contributed to her injuries. Supreme Court properly granted defendant's motion seeking dismissal of the complaint for failure to state a cause of action based on the absence of a special relationship between plaintiff and the police giving rise to a special duty (*see McLean v City of New York*, 12 NY3d 194, 199). We reject plaintiff's contention that the alleged failure of defendant's Police Department to comply with its ministerial duties provides a basis for liability despite the absence of a special relationship. "Under the public duty rule, although a municipality owes a general duty to the public at large to furnish police protection, this does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless

the facts demonstrate that a special duty was created" (*Valdez v City of New York*, 18 NY3d 69, 75).  Even where there is a ministerial failure directly related to a specific incident, "ministerial acts may support liability only where a special duty is found" (*McLean*, 12 NY3d at 202; *see Carson v Town of Oswego*, 77 AD3d 1321, 1322).  A complaint is properly dismissed for failure to state a cause of action where the plaintiff has "not set forth facts that would create the necessary direct contact and justifiable reliance required under the special relationship test" (*Rogers v State of New York*, 288 AD2d 926, 926; *see Laratro v City of New York*, 8 NY3d 79, 83).  Given that there is no allegation that plaintiff had direct contact with the police or even that she was aware that the police had been notified, the direct contact requirement of the special relationship test is not satisfied (*see Laratro*, 8 NY3d at 83).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court