■ SHARON BAILEY, Appellant-Respondent, v CITY OF NEW YORK, Respondent, and WALLACE C. STEIDLE, Respondent-Appellant. [959 NYS2d 58]—Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered July 26, 2011, which granted defendant City of New York's motion for summary judgment dismissing the complaint and cross claim against it, and granted plaintiff's motion for summary judgment on the issue of liability as against defendant Steidle, unanimously affirmed, without costs.

Plaintiff seeks damages for injuries she allegedly suffered when the vehicle in which she was a passenger was struck in the rear by the vehicle driven by defendant Steidle at an intersection at which the traffic had been stopped by a police officer. The officer was part of a motorcycle parade escort and had halted all other traffic entering the intersection so that the parade could proceed. The City cannot be held liable for plaintiff's injuries because the officer was engaged in the discretionary act of traffic control (*see Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *Lewis v City of New York*, 82 AD3d 410 [1st Dept 2011], *lv denied* 16 NY3d 713 [2011]).

The record demonstrates that the vehicle in which plaintiff was riding was stopped when Steidle's vehicle struck it in the rear end. Steidle failed to offer a non-negligent explanation for the collision (*see Androvic v Metropolitan Transp. Auth.*, 95 AD3d 610 [1st Dept 2012]; *Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]). Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYQUAN LOURIE, Appellant. [959 NYS2d 85]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Analisa Torres, J.), rendered on or about February 9, 2010, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ.