KARI ANN FULL, Individually and as Permanent Guardian of SHANE D. FULL, Appellant, v MONROE COUNTY SHERIFF'S DEPARTMENT et al., Respondents, et al., Defendant. (Appeal No. 3.) [58 NYS3d 853]—

Appeal from a judgment of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered November 18, 2015. The judgment dismissed the complaint against defendants-respondents.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, individually and as permanent guardian of her husband, Shane D. Full (Full), commenced this negligence action against, inter alia, defendants County of Monroe, the Monroe County Sheriff, the Monroe County Sheriff's Department, and the Monroe County Airport Authority (collectively, County defendants), the City of Rochester and the City of Rochester Police Department (collectively, City defendants), and the Town of Greece, seeking damages for injuries sustained by Full when he was struck by a motor vehicle. On

the day of the accident, the County of Monroe (County) sponsored an air show at Ontario Beach Park, which is owned by the City of Rochester (City) and operated by the County. To accommodate the vehicular traffic in the vicinity of the air show, an inter-agency task force involved in the planning of the air show temporarily designated Beach Avenue, normally a two-way street, as a one-way street in which the traffic could travel only westbound. Side streets were barricaded, and parking was banned along the length of the Beach Avenue corridor. Just prior to the accident, Full drove along the corridor, pulled into a private driveway, exited his vehicle, and crossed the street to seek parking advice from pedestrians. As Full recrossed the street, he was struck by an oncoming vehicle, suffering severe brain injuries.

The County defendants, City defendants, and the Town of Greece moved separately for summary judgment dismissing the complaint against them. In appeal No. 3, plaintiff appeals from a judgment that granted the motions and dismissed the complaint against those defendants. The order and amended order appealed from in appeal Nos. 1 and 2, respectively, were subsumed within the judgment appealed from in appeal No. 3 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). Thus, we dismiss the appeals from the order and amended order in appeal Nos. 1 and 2. In appeal No. 3, we affirm.

At the outset, we note that on appeal plaintiff does not challenge Supreme Court's dismissal of the complaint against the Monroe County Sheriff and the Town of Greece, and we therefore deem any issues with respect to those defendants abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]). Moreover, we conclude that the court properly granted that part of the County defendants' motion seeking dismissal of the complaint against the Monroe County Sheriff's Department on the ground that it is not a proper party. "[A] Sheriff's Department does not have a legal identity separate from the County . . . , and thus an 'action against the Sheriff's Department is, in effect, an action against the County itself' " (*Johanson v County of Erie*, 134 AD3d 1530, 1531-1532 [2015]).

With respect to the merits, contrary to plaintiff's contention, we conclude that the creation of the Beach Avenue corridor was a governmental function, and thus, the allegedly negligent conversion of Beach Avenue into a one-way street is not actionable in the absence of a special duty to Full (*see McLean v City of New York*, 12 NY3d 194, 199 [2009]). "[T]raffic regulation is a classic example of a governmental function" (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]), and the governmental

function of traffic regulation of the County, the Monroe County Airport Authority and the City defendants (hereafter, defendants) did not become a proprietary function merely because it was undertaken in furtherance of the proprietary air show (see Bailey v City of New York, 102 AD3d 606, 606 [2013]; Devivo v Adeyemo, 70 AD3d 587, 587 [2010]). Plaintiff does not allege that defendants failed in their responsibility to physically maintain Beach Avenue, which would be a breach of a proprietary duty (see Balsam, 90 NY2d at 968), and defendants' traffic regulation cannot be considered "integral" to the proprietary air show.

We further conclude that defendants established as a matter of law that they did not have a special duty to Full. To prove a special duty to Full, plaintiff "must establish '[t]he elements of a special relationship includ[ing] . . . direct contact between the municipalit[ies'] agents and [Full], and [Full's] justifiable reliance . . . on the municipalit[ies'] affirmative promise to act' " (Bynum v Camp Bisco, LLC, 135 AD3d 1060, 1061 [2016]). Defendants met their initial burden of establishing as a matter of law that there was no special duty inasmuch as Full did not have any direct contact with any of defendants' representatives, and plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, no special duty existed, and any alleged negligent act with respect to the creation of the Beach Avenue corridor is not actionable (see Bynum, 135 AD3d at 1062; Rollins v New York City Bd. of Educ., 68 AD3d 540, 541 [2009]; McPherson v New York City Hous. Auth., 228 AD2d 654, 655 [1996]). In the absence of a special duty, plaintiff's remaining contention regarding defendants' governmental function immunity defense is rendered academic (see Valdez v City of New York, 18 NY3d 69, 84 [2011]).

We agree with plaintiff that the court erred in determining that plaintiff's cause of action for negligence under state law against defendants is preempted by federal law (see generally Summers v Delta Airlines, Inc., 805 F Supp 2d 874, 886-887 [2011]). Furthermore, the alleged negligence of defendants in sponsoring the air show, including their decision to locate the show at Ontario Beach Park and their alleged failure to keep greater distance between the purportedly distracting planes and nearby pedestrians and drivers, arose from proprietary functions and thus are " 'subject to the same principles of tort law as a private [party]' " (Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 446 [2011]). We conclude, however, that defendants established as a matter of law that any negligent

operation of the air show was not a proximate cause of Full's injuries. The undisputed evidence establishes that neither Full nor the driver of the vehicle was distracted by the overhead airplanes in the moments before the accident, and plaintiff has failed to raise any triable issues of fact (*see generally Zuckerman*, 49 NY2d at 562; *Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952 [1978], *mot to amend remittitur granted* 46 NY2d 770 [1978]; *Giresi v City of New York*, 125 AD3d 601, 603-604 [2015], *lv denied* 26 NY3d 901 [2015]). Present— Whalen, P.J., DeJoseph, Curran and Winslow, JJ.