Barrack v Village of Piermont (2026 NY Slip Op 00232)

Barrack v Village of Piermont

2026 NY Slip Op 00232

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-09681
 (Index No. 34816/22)

[*1]Luise Barrack, appellant, 
vVillage of Piermont, et al., respondents.

Novo Law Firm, P.C., New York, NY (Ilya Novofastovsky of counsel), for appellant.
Annemarie F. Dempsey (Nicole E. Lesperance, Melville, NY [Dominic P. Zafonte], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated May 24, 2023. The order granted the separate motions of the defendant Village of Piermont and the defendant Piermont Fire Department pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while she was bicycling in the defendant Village of Piermont, in Rockland County, when her bicycle struck a fire hose that was laid across a street. At the time of the accident, the fire hose was being operated by a member of the defendant Piermont Fire Department (hereinafter the fire department), who was simultaneously directing traffic. After filing a timely notice of claim and appearing for a hearing pursuant to General Municipal Law § 50-h, the plaintiff commenced this action against the Village and the fire department. Subsequently, the defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, contending, inter alia, that the complaint failed to state a claim, as recovery was barred by the doctrine of governmental immunity. The plaintiff opposed the motions, contending that the defendants owed a special duty to her, negating the defendants' claims of immunity. In an order dated May 24, 2023, the Supreme Court granted the defendants' motions. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142).
"'When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Turturro v City of New York, 28 NY3d 469, [*2]477, quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 425). "[A] municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (Applewhite v Accuhealth, Inc., 21 NY3d at 425 [internal quotation marks omitted]; see Connolly v Long Is. Power Auth., 30 NY3d 719, 727; Trenholm-Owens v City of Yonkers, 197 AD3d 521, 523). If the municipality was acting in a governmental capacity, then the plaintiff must prove the existence of a special duty as an element of his or her negligence cause of action (see Ferreira v City of Binghamton, 38 NY3d 298; Turturro v City of New York, 28 NY3d at 478; Trenholm-Owens v City of Yonkers, 197 AD3d at 523). Such a special duty can arise if "(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition" (Applewhite v Accuhealth, Inc., 21 NY3d at 426; see Ferreira v City of Binghamton, 38 NY3d at 312-313).
Traffic regulation and the laying of fire hoses are "classic example[s] of . . . governmental function[s] undertaken for the protection and safety of the public pursuant to the general police powers" (Balsam v Delma Eng'g Corp., 90 NY2d 966, 968; see Miserendino v City of Mount Vernon, 96 AD3d 810; Santoro v City of New York, 17 AD3d 563; Eckert v State of New York, 3 AD3d 470). Here, the notice of claim and complaint failed to allege the existence of a special duty (see Geltzer v City of New York, 237 AD3d 910; Cruz v City of New York, 211 AD3d 1011, 1012; Estate of M.D. v State of New York, 199 AD3d 754, 757). Accordingly, the Supreme Court properly granted the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
In view of the foregoing, we need not reach the defendants' remaining contention.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court