■ The People of the State of New York, Respondent, v Jahan Norman, Appellant. [878 NYS2d 623]—Order, Supreme Court, New York County (William Leibovitz, J., at plea and sentence; Eduardo Padro, J., at resentence), entered on or about October 22, 2007, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (see *Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.

■ Nancy Lamot, Respondent, v City of New York, Appellant, et al., Defendant. [878 NYS2d 886]—Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered on or about December 21, 2006, upon a jury verdict awarding plaintiff $2 million for past pain and suffering as against defendant City of New York, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment dismissing the complaint as against the City.

Defendant's alleged failure to carry out its obligations under title 6 of the Social Services Law is not actionable (*Mark G. v Sabol*, 93 NY2d 710, 722 [1999]). Nor, to the extent defendant's actions are discretionary, does the failure to act give rise to a claim for common-law negligence (*McLean v City of New York*, 12 NY3d 194, 203-204 [2009]). To the extent defendant's actions are ministerial, there can be no liability because plaintiff failed to show that defendant owed a special duty to her apart from any it owed to the public in general (*id.*). Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.