■ MELISSA DEVIVO, Plaintiff, v SAMSON A. ADEYEMO, Defendant, CITY OF NEW YORK, Respondent, and APOLLO THEATER FOUNDATION, INC., Appellant. [894 NYS2d 747]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered July 21, 2009, which, in an action for personal injuries sustained when plaintiff was hit by a car and allegedly caused by the negligence of city police officers in configuring a barricade at a public event, granted defendant City's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

The officers' alleged negligence cannot support municipal liability as it involved discretionary acts in managing pedestrian and vehicular traffic undertaken in furtherance of public safety (*McLean v City of New York*, 12 NY3d 194, 203 [2009]; *Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]; *Lamot v City of New York*, 62 AD3d 572 [2009]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.

■ REGINA D. BEAZER, Respondent, v FRASER M. WEBSTER et al., Appellants. [895 NYS2d 755]—Order, Supreme Court, New York County (Paul Wooten, J.), entered December 3, 2008, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to meet their prima facie burden of establishing that plaintiff did not suffer a serious injury under Insurance Law § 5102 (d). Defendants' experts did not address or attempt to distinguish the objective findings of plaintiff's MRI, the EMG/NCV scan, and the other evidence of serious injury (*see Patterson v Rivera*, 49 AD3d 337 [2008]). Defendants' failure to indicate the objective tests used to determine the range of motion in plaintiff's cervical spine was fatal to their efforts to establish a prima facie case for summary dismissal (*Offman v Singh*, 27 AD3d 284 [2006]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.