■ VINCENT CASALE et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. DARLENE C. HOGAN, Third-Party Plaintiff, v KEVIN MALTEZO et al., Third-Party Defend-

ants-Respondents, and M. KAHN, Third-Party Defendant-Appellant. [984 NYS2d 373]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 5, 2012, which denied the city defendants' motion to dismiss the complaint and all cross claims against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff Vincent Casale alleges that he was injured when the vehicle operated by third-party defendant Kevin Maltezo, in which he was a passenger, was struck while proceeding through a green light by a vehicle operated by defendant/third-party plaintiff Darlene Hogan after Hogan was waved through a red light by third-party defendant Officer M. Kahn. The city defendants cannot be held liable for Vincent's injuries, even if the injuries resulted from Officer Kahn's negligence, because Kahn was engaged in the discretionary governmental function of traffic control (*see Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *McLean v City of New York*, 12 NY3d 194, 202 [2009]; *Lewis v City of New York*, 82 AD3d 410 [1st Dept 2011], *lv denied* 16 NY3d 713 [2011]; *Devivo v Adeyemo*, 70 AD3d 587 [1st Dept 2010]). Concur—Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.