| |
|---|
| **Sadow v Radio City Prods. LLC** |
| 2025 NY Slip Op 32156(U) |
| June 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151263/2020 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARIEL D. CHESLER**

*Justice*

PART  **62M**

-----------------------------------------------------------------------------X

JAN K. SADOW,

                            Plaintiff,

               - v -

RADIO CITY PRODUCTIONS LLC, CITY OF NEW YORK, RCPI LANDMARK PROPERTIES, L.L.C., TISHMAN SPEYER PROPERTIES, L.P., MSG ENTERTAINMENT HOLDINGS, LLC

                        Defendant.

-----------------------------------------------------------------------------X

INDEX NO.  151263/2020

MOTION DATE  08/20/2024

MOTION SEQ. NO.  003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116

were read on this motion to/for                DISMISS            .

Upon the foregoing documents, it is

In this proceeding, defendant City of New York ("the City") seeks an Order dismissing plaintiff's Complaint pursuant to CPLR 3211 (a)(7), and/or granting the City summary judgment pursuant to CPLR 3212. Defendants Radio City Productions LLC, RCPI Landmark Properties, LLC., Tishman Speyer Properties, L.P., MSG Networks Inc., and MSG Entertainment Holdings, LLC (collectively "Radio City"), cross-move for an Order granting summary judgment pursuant to CPLR 3212 (b) and dismissing plaintiff's Complaint and all cross-claims against defendants Radio City.

This is an action to recover for personal injuries. The Complaint alleges as follows: On June 9, 2019, plaintiff was attending a rehearsal of the Tony Awards Program where she was getting in line to get her ticket and tripped and fell over the leg of a New York Police Department ("NYPD") barricade located at 6th Avenue, between 50th and 51st Streets, New York,

**151263/2020  SADOW, JAN K. vs. RADIO CITY PRODUCTIONS LLC**
**Motion No.  003**

Page 1 of 9

1 of 9

[* 1]

New York. Plaintiff's Complaint alleges that defendant RCPI Landmark Properties is the owner of the premises, defendant Radio City Productions LLC is the lessee, and defendant Tishman Speyer Properties, L.P., is the managing agent.

### The City's Motion to Dismiss

In support of the City's motion to dismiss, it argues that its placement of the barriers in the street or on a sidewalk in a nesting fashion to aid control of pedestrian traffic, in this case to manage pedestrian traffic for the Tony Awards, is a governmental function. Accordingly, the City argues that under the special duty rule, a municipal corporation's performance of a governmental function, like the NYPD placing barricades to control the flow of pedestrian traffic, cannot give rise to negligence unless plaintiff pleads and establishes that the City owed plaintiff a special duty separate from a general duty owed to the public at large. Here, the City argues plaintiff's Notice of Claim and Complaint fail to do so.

Furthermore, the City argues that even if, *arguendo,* plaintiff had pled and established the City owed plaintiff a special duty, the City would still be entitled to dismissal under the defense of governmental function immunity, which shields governmental entities from liability for discretionary actions taken during the performance of governmental functions.

Alternatively, the City argues that it is entitled to summary judgment because the evidence taken in light most favorable to plaintiff establishes that no special duty exists as a matter of law. In addition, the City argues even if plaintiff could establish special duty, it remains entitled to summary judgment because its defense of governmental immunity shields it from liability for the NYPD's discretionary acts.

In opposition, plaintiff argues that the City took positive control of the pedestrian traffic outside the Tony Awards by placing barriers on the sidewalk, as the Tony Awards is a private

**151263/2020   SADOW, JAN K. vs. RADIO CITY PRODUCTIONS LLC**
  **Motion No.  003**

**Page 2 of 9**

2 of 9

event located inside of private property and therefore has no relation to the NYPD. So, plaintiff contends that the City took control of a known and dangerous safety condition, specifically, the abundance of pedestrian traffic, when it negligently placed NYPD barricades on the sidewalk adjacent to the subject premises. As such, plaintiff argues the City breached the special duty owed to plaintiff. Plaintiff does not contest that the defense of governmental function immunity operates as a complete defense to discretionary governmental actions, however, plaintiff argues the City did not act in a discretionary capacity when NYPD officers followed a pre-made plan for barrier placement that was made in collaboration with defendant Radio City.

Thus, plaintiff attests that the officers who placed the NYPD barricades at the subject location did not act according to discretion and were instead merely following orders. In support of this argument, plaintiff points to the deposition testimony of Antulio Arroyo, Senior Director of Guest Services for Madison Square Garden Entertainment, wherein he testified that the City and Radio City defendants would collaborate weeks in advance of the Tony Awards, where Radio City would present a map and diagram to the City *(see* NYSCEF Doc. 51, Exhibit H). Mr. Arroyo testified that at these meetings, Radio City would dictate "where not to have pedestrians flow" and that these plans would be given to officers to execute *(id.)*. Thus, plaintiff argues that, at a minimum, there are issues of fact that prevent the City from asserting the defense of governmental function immunity.

### Radio City's Cross Motion for Summary Judgment

Radio City argues that they are entitled to summary judgment as they had no responsibility and control over the NYPD barricades placed on the subject sidewalk for the Tony Awards on June 9, 2019. Radio City contends that they lacked ownership and control of the NYPD barricade where the NYPD acted in furtherance of a governmental function of which

151263/2020  SADOW, JAN K. vs. RADIO CITY PRODUCTIONS LLC
Motion No.  003

Page 3 of 9

3 of 9

Radio City had no decision-making power or control. In support of this argument, Radio City points to the deposition testimony of Sergeant Padilla, witness for the City of New York, wherein he testified that the NYPD police officers were the only persons in control of the NYPD labeled barriers at events and the NYPD delivered the barriers to the events and placed the barriers at events based on instructions received from the NYPD barrier section (*see* NYSCEF Doc. 90, Exhibit G). As such, Radio City argues there are no disputed issues of material fact that would warrant a trial.

In opposition, plaintiff argues that Radio City had a non-delegable duty to maintain the sidewalk in a reasonably safe condition pursuant to NYC Administrative Code § 7-210. Plaintiff states defendants Radio City created the condition that caused plaintiff's injuries per the testimony of Mr. Arroyo, wherein he testified that defendants Radio City were actively involved in creating the plan for the placement of NYPD barriers (*see* NYSCEF Doc. 91, Exhibit H). Based upon the same, plaintiff argues that since the Radio City defendants were involved in creating the plan for the placement of NYPD barriers and had control over pedestrian traffic during the Tony Awards, they created the dangerous condition that caused plaintiff's injuries. In addition, plaintiff attests that Radio City had actual notice of the negligently placed NYPD barricades, as Mr. Arroyo testified that employees of Radio City were present on the premises.

Plaintiff also contends that in addition to the duties imposed by § 7-210, New York City Administrative Code § 16-118(2)(a) places further responsibility for sidewalk maintenance on the owners, lessees, tenants, occupants, and individuals in charge of a building, requiring these parties to ensure that the sidewalk abutting said building does not contain obstructions. Plaintiff argues that the improperly stacked NYPD barricade with its leg obtruding into a pedestrian

pathway constitutes an obstruction. Thus, plaintiff asserts that defendant Radio breached its duty under § 16-118(2)(a).

Lastly, plaintiff argues that defendant Radio City made special use of the sidewalk when it closed off the sidewalk for the red carpet used at the Tony Awards. Accordingly, plaintiff asserts that defendant Radio City was required to maintain the red-carpet area, including the adjacent portion of the sidewalk, in a reasonably safe condition to avoid injuring pedestrians, as Radio City, the owner of the premises, has access to the premises and the "ability to exercise control of the special use structure of installation. Based on the above arguments, plaintiff claims there are numerous issues of fact and defendants' motion for summary judgment should be denied in its entirety.

In reply to plaintiff's opposition, defendants Radio City argue that plaintiff's reliance of NYC Administrative Code § 7-210 and 16-118(2) was never pleaded in her Complaint and was absent from any discovery exchanged in this matter as it was raised for the first time in plaintiff's opposition papers. As such, Radio City argues plaintiff's arguments must fail. Notwithstanding the inappropriate timing of the introduction of NYC Administrative Code § 7-210 and 16-118(2), Radio City argues that both sections are misplaced and inapplicable to the case at bar. Radio City argues that plaintiff has failed to establish the existence of any unsafe or defective condition on the sidewalk which could even potentially invoke the applicability of this section. Additionally, Radio City argues § 16-118(2) primarily focuses on littering and there is no indication that plaintiff's accident resulted from "litter" on the sidewalk, and therefore, is also inapplicable to the case at bar.

In response to plaintiff's argument that Radio City derived a special benefit from the use of the red-carpet, once again, Radio City argues that plaintiff never plead or mentioned this

doctrine in her opposition papers. Despite this, defendants Radio City argues plaintiff did not fall by the red carpet, but by the stacked barricades placed away from the official red-carpet entrance. Overall, Radio City asserts plaintiff has failed to establish the applicability of the Special Use Doctrine to the facts before the Court.

### Discussion

"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a propriety function or acted in a governmental capacity at the time the claim arose" (*Turturro v. City of New York*, 28 NY3d 469, 477 [2016] [internal citations omitted]). "A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises" (*Ferreira v. City of Binghamton*, 38 NY3d 298, 309 [2022] [internal citations omitted]). "In contrast, municipality will be deemed to have been engaged in a governmental function when its acts are 'undertaken for the protection and safety of the public pursuant to the general police powers'" (*id.*). It has been held that an agency of government "is not liable for the negligent performance of a governmental function unless there existed "a special duty to the injured person, in contrast to a general duty owed to the public" *McLean v. City of New York*, 12 NY3d 194, 199 [2009] internal citations omitted]).

"A special relationship can be formed in three ways (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*id.*). In these situations, "it is the plaintiff's obligation to prove that the government defendant owed a special duty of care to the injured party because duty is an

[* 6]

essential element to of the negligence claim itself" (*Ferreira*, 38 NY3d at 310 [internal citations omitted]). If plaintiff fails to meet this burden, "the analysis ends and liability may not be imputed to the municipality that acted in a governmental capacity" (*id.*).

However, even if a plaintiff satisfies the burden of demonstrating a special duty exists, "a municipality acting in a discretionary governmental capacity may rely on the 'governmental function immunity defense,' an affirmative defense that must be plead and proven by the municipality" (*Ferreira*, 38 NY3d at 311 [internal citations omitted]). "The defense shield[s] public entities from liability for discretionary actions taken during the performance of governmental functions'" (*Turturro*, 28 NY3d at 479 [internal citations omitted]). As such, "government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public" (*McLean*, 12 NY3d at 203).

In the instant case, plaintiff has failed to plead and establish that the City owed her a special duty. Furthermore, the NYPD's placement of police barriers on the sidewalk to aid the control of pedestrian traffic near Radio City Music Hall, is a discretionary governmental action as it is a method of managing pedestrian traffic undertaken in furtherance of public safety (*Devivo v. Adeyemo*, 70 AD3d 587, 748 [1st Dept 2010]).

Accordingly, the City's motion must be granted, and the claims against the City dismissed.

In consideration of a motion for summary judgment, the movant must demonstrate *prima facie* entitlement to judgment as a matter of law by submitting evidence sufficient to establish there are no questions of fact that require a determination by a jury (*Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]); *Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]). If a

movant demonstrates entitlement to judgment as a matter of law, the burden shifts to the opponent to present evidence that raises a question or questions of fact that require denial of summary judgment (*Zuckerman,* 49 NY2d at 562).

Here, defendant Radio City has made a prima facie showing by admissible evidence of entitlement to judgment as a matter of law. It is undisputed that the barriers at issue were specifically labeled "NYPD" barriers. These barriers were delivered and placed by the City in furtherance of their governmental function, and Radio City had no control or responsibility for the barricades. As such, Radio City showed that they did not own, maintain, control or place the barricades on the public sidewalk, and thus were not liable to plaintiff (*see Kaufman v. Silver*, 90 NY2d 204, 207-208 [1st Dept 1977]); *Staruch v. 1328 Broadway Owners*, *LLC*, 111 AD3d 698, 699 [2d Dept 2013]; *Celik v. 6448 Realty Associates, LLC*, No. 162203/2015, 2018 WL 5255258 [N.Y. County Sup. Ct. Oct. 22, 2018]).

In response, plaintiff failed to raise any triable issues of fact. Further, plaintiff "does not cite any case law suggesting that a property owner can be held liable for an accident caused by a barricade placed by the NYPD for crowd control" (*Celik*, 2018 WL 5255258 at **4). Reliance on *Ramirez v Our Lady of Refuge Catholic Church* (162 AD3d 548 [1st Dept 2018]) is misplaced. In *Ramirez*, the NYPD barricade involved was used, stored, and controlled by the defendant Church, and was not used by the Police Department for crowd control but was privately used by the church. Similarly, *Wai Gun Eng v. Wing Ming Properties (U.S.A.) Ltd. (20*19 WL 499063 [Sup Ct NY County 2019]) involved a dismantled/broken NYPD barricade left on the sidewalk in front of the Defendant's property for weeks, and not a barricade being used by the NYPD for crowd control. The same can be said for the barricade laying on the

**151263/2020  SADOW, JAN K. vs. RADIO CITY PRODUCTIONS LLC**          **Page 8 of 9**
  **Motion No.  003**

8 of 9

[* 8]

sidewalk in *Leary v. Dallas BBQ, 23rd & 8th LLC* (2011 WL 346269 [Sup Ct NY County 2011]).

Moreover, the Court agrees that NYC Administrative Code § 7-210 and 16-118(2) are inapplicable to this case. There was no unsafe or defective condition on the sidewalk which could even potentially invoke the applicability of these sections.

Accordingly, it is hereby

**ORDERED**, that motion made by the City of New York for an order dismissing plaintiff's Complaint pursuant to CPLR 3211 (a)(7) and CPLR 3212 is granted; and it is further

**ORDERED**, that the cross-motion made by defendants, Radio City Productions LLC, RCPI Landmark Properties, LLC., Tishman Speyer Properties, L.P., MSG Networks Inc., and MSG Entertainment Holdings, LLC, seeking an Order granting judgment pursuant to CPLR 3212 is granted.

This constitutes the Decision and Order of the Court.

20250618160451ACHESLER080DC8F36F154AFA87190FB5708110BF

| **6/18/2025** | | | | | |
| **DATE** | | | | **ARIEL D. CHESLER, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151263/2020   SADOW, JAN K. vs. RADIO CITY PRODUCTIONS LLC**                          **Page 9 of 9**
**Motion No.  003**

9 of 9