Sadow v Radio City Prods. LLC
2026 NY Slip Op 03517
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jan K. Sadow, Plaintiff-Appellant,
v
Radio City Productions LLC, et al., Defendants-Respondents.

Decided and Entered: June 04, 2026
Index No. 151263/20|Appeal No. 6800|Case No. 2025-04203|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Friedman, Levy, Goldfarb, Green & Bagley, P.C., New York (Stephen B. Samolsky of counsel), for appellant.
Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York (Rosanne Palumbo of counsel), for Radio City Productions, LLC, MSG Networks, Inc., MSG Entertainment Holdings, LLC, RCPI Landmark Properties, L.L.C., and Tishman Speyer Properties, L.P., respondents.
Steven Banks, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for City of New York, respondent.

[*1]
Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered June 18, 2025, which granted the motions of defendant City of New York to dismiss and/or for summary judgment and defendants Radio City Productions LLC, RCPI Landmark Properties, L.L.C., Tishman Speyer Properties, L.P., and MSG Entertainment Holdings, LLC (collectively, Radio City) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court properly granted the City's motion, as plaintiff did not adequately plead in the complaint that the City owed her a special duty by exercising positive direction and control over a known and dangerous condition (see Ferreira v City of Binghamton, 38 NY3d 298, 309-310 [2022]). Plaintiff merely alleged that the City was negligent in creating a dangerous condition based on how its officers placed barricades on the sidewalk outside Radio City Music Hall to accommodate and facilitate crowds (see Polito v Escorcia, 210 AD3d 510, 510-511 [1st Dept 2022]).
Plaintiff's testimony that she had no contact with a police officer before she tripped and fell on the barricade conclusively demonstrates that the City did not make a definite promise or assurance to her or that she relied on any such assurance or promise (see Betancourt v City of New York, 237 AD3d 597, 598 [1st Dept 2025]). There is no evidence that the City took positive control of a known and dangerous safety condition which gave rise to plaintiff's injuries or that it acted affirmatively to place plaintiff in harm's way (see Mahar v McDonald, 234 AD3d 835, 836 [2d Dept 2025]; Sutton v City of New York, 119 AD3d 851, 852-853 [2d Dept 2014], lv denied 24 NY3d 918 [2015]). Thus, the City cannot be held liable for plaintiff's injuries, as its officers were engaged in the discretionary governmental function of traffic control before plaintiff fell (see Jagatpal v Chamble, 172 AD3d 573, 574 [1st Dept 2019]).
Even if we were to consider plaintiff's unpreserved argument that the existence of a special duty is irrelevant because the City affirmatively caused or created the alleged condition (see Islam v City of New York, 111 AD3d 493, 494 [1st Dept 2013]), the argument is unavailing on the merits (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 n 1 [2013]). The police officers' alleged negligence in deciding how to configure the City's barricades cannot support the City's liability because the officers were engaged in the discretionary governmental function of controlling pedestrian traffic when they made decisions about where to place the barricades (see Casale v City of New York, 117 AD3d 414, 415 [1st Dept 2014]).
[*2]
The court also properly granted Radio City's motion to dismiss the complaint. Radio City met its initial burden to show that it did not own the barricade that caused the accident. Radio City also made a prima facie showing as to its lack of special use because it did not have the "ability to exercise control" over the barricade that caused plaintiff's fall (Kaufman v Silver, 90 NY2d 204, 207 [1997]; see Hurley v Related Mgt. Co., 74 AD3d 648, 649 [1st Dept 2010]).
In opposition, plaintiff failed to raise a triable issue of fact. The barricades the NYPD placed on the sidewalk abutting Radio City's property as part of its crowd control measures were not part of the sidewalk for purposes of liability under Administrative Code of City of NY § 7-210 (see Staruch v 1328 Broadway Owners, LLC, 111 AD3d 698, 699 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026